**In re FRED DENT, INC. (EIN 72–0685067), Debtor.**

**Bankruptcy No. 80–00059.**

United States Bankruptcy Court, M.D. Louisiana.

Jan. 24, 1986.

Louis Phillips, Baton Rouge, La., for Travelers Ins. Co.

Erwin A. LaRose, Baton Rouge, La., trustee.

Charles N. Malone, Baton Rouge, La., for debtor.

Gerard Kiefer, Baton Rouge, La., for Fred C. Dent, Jr.

## MEMORANDUM OPINION

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments. This proceeding involves the question of whether a claim by The Travelers Insurance Company (hereinafter "Travelers") should be recognized and paid by the trustee.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Facts

This case was filed on February 21, 1980, as a case under Chapter 7. At that time, Erwin A. LaRose was appointed interim trustee. On March 18, 1980, the case was converted to a case under Chapter 11 on motion of the Debtor, at which time the trustee was released from his duties; however, on motion of most of the parties involved,[1] LaRose was appointed Chapter 11 trustee. An application to employ a manager was filed by the trustee on April 10, 1980, and an order was signed on April 11, 1980, authorizing LaRose to employ Walter H. Travis as "manager" of the Debtor.

In response to a letter from Travis, Travelers submitted a letter to Travis in which Travelers stated that the Debtor owed Travelers $49,785.74. This indebtedness was subject to credits for commissions due to the Debtor and was also subject to charges on other accounts, leaving a total outstanding indebtedness to Travelers of $51,363.42. Travis forwarded this letter, along with letters from other insurance companies to whom the Debtor was indebted, to LaRose; these letters were filed into the record on August 19, 1980.

On April 19, 1983, LaRose filed a motion to reconvert this case to a case under Chapter 7. The motion came up for hearing on June 16, 1983, and on June 27, 1983, an order was entered converting the case to a case under Chapter 7. LaRose was appointed Chapter 7 trustee. Included in that order was a statement notifying creditors that they must file a claim in this proceeding within six months after the date set for the first meeting of creditors, July 20, 1983. Creditors were further notified that if they had already filed a proof of claim, they need not re-file.

LaRose, as Chapter 7 trustee, filed his final account on September 11, 1985. The trustee's final account proposed no distribution to Travelers. Travelers objected to

1. The involved parties were the Debtor, Aetna Casualty & Surety Company and Standard Fire Insurance Company, Travelers Insurance Company and the Travelers Indemnity Company, and Republic Underwriters Insurance, the insurance companies being unsecured creditors holding claims in the approximate amount of $116,000.00.

the trustee's final account, arguing that the letter which was filed in the record on August 19, 1980, while not in the form of an official proof of claim, is nonetheless sufficient to constitute a proof of claim. Fred C. Dent, Jr. (owner of the equity interests of the Debtor) filed an objection to Travelers' objection to the trustee's final account. Dent argues that Travelers has no standing to object to the final account because Travelers has never filed a proof of claim in this matter.

The issue is whether Travelers'letter of May 14, 1980, to Debtor's manager (and subsequently forwarded to the trustee, then filed into the record) constituted a proof of claim.

### III.  Analysis

It is well settled that an informal claim filed within the statutory time period can later be amended. The jurisprudence has developed five requirements for such an informal proof of claim.

"(1) the proof of claim must be in writing;

"(2) the writing must contain a demand by the creditor on the debtor's estate;

"(3) the writing must express an intent to hold the debtor liable for the debt;

"(4) the proof of claim must be filed with the Bankruptcy Court; and

"(5) based on the facts of the case it would be equitable to allow the amendment."[2]

In the particular case at bar, Travelers is relying on a writing which is in the case record; thus requirements (1) and (4) are satisfied.

Requirements (2) and (3) provide that the writing must contain a demand by the creditor on the debtor's estate and that the writing must express an intent to hold the debtor liable. The Court finds that the Travelers letter fulfills those requirements. The letter states the amount owed to Travelers and the amount owed to the Debtor in commissions; the letter discusses a set off of the commissions owed the Debtor, an asset of the estate, against what the Debtor owed to Travelers. It is thus clear that there was a demand by the creditor on the Debtor's assets and from the letter, it can also be concluded that not only was there a demand, but that there was an intent to hold the Debtor liable. Furthermore, there was an ongoing relationship between Travelers and the trustee. Travelers implied an agreement to continue doing business with the trustee with an implied understanding that the claims would be settled later in the ongoing business relationship.

The last requirement is that it be equitable to allow the claimant to amend his proof of claim. This case involved an attempt to preserve the going concern value of an insurance agency. The case bounced back and forth among the chapters of the Bankruptcy Code. Under Chapter 11, Travelers was not required to file a proof of claim; as an operating Chapter 7 with a trustee and manager identical to the individuals operating the Chapter 11, there was little to indicate a need for more precision and a more formal proof of claim than Travelers provided in its letter. Indeed, the ability to produce a more realistic proof of claim may not have existed since policies expired (and prepetition commissions were recomputed), audits on policies were conducted changing premiums and commissions due, *etc.*

The record indicates a cooperative creditor who, given the continuing business relationship and fluid state of the obligations, supplied the trustee with the information available in a form more appropriate than the official proof of claim. There is no indication of harm or surprise to the estate. Indeed, given the circumstances apparent from the letter in question, it appears that the letter was more meaningful than an official proof of claim form. Given these facts, the equities apparently favor recognition of the letter as a claim.

The letter in question was addressed to Travis, not the trustee. The Court con-

---

**2.** *In re McCoy Management Services, Inc.* 44 B.R.    215 (Bkrtcy., W.D.Ky., 1984).

cludes that they were one and the same since Travis was operating the business as the trustee's manager. In addition, it is clear that the letter was actually delivered to the trustee and filed in the record.

The Court is aware of a line of cases that do not permit the filing of an amended proof of claim. In particular, the Court is aware of *In the Matter of Evanston Motor Co., Inc.* 26 B.R. 998 (Bkrtcy., N.D.Il.E.D., 1983) in which the court did not allow the amendment when the informal proof of claim was based on a letter. But *Evanston Motor Co.* dealt with an obvious intent *not* to make a claim. The creditor, First National Bank of Lincolnwood, wrote its letter in response to a trustee's letter in which the trustee stated that an examinaton of the books of the debtor revealed that the bank may have been a secured creditor; the trustee requested documentation evidencing the bank's secured interest. The bank, through its attorney, responded with a letter showing that its security was not an asset of the estate, but rather an interest in a land trust owned by a third party. The court ultimately held that the letter was not an informal proof of claim subject to amendment because there was no demonstration of intent to hold the estate liable due to the fact that the security was owned by a third party.

The instant case is much different. It is clear from Travelers' actions and letter that there was an intent to hold the Debtor liable and a demand against the property of the estate. The facts warrant granting the creditor leave to file an amendment to his proof of claim. Therefore, Travelers is allowed thirty days from the date of the mailing of this opinion to amend its earlier informal proof of claim with a final and formal proof of claim.