**In re WPRV–TV, INC.,**
**EID # 73–1203170, Debtor.**

**Bankruptcy No. 87–01393.**

United States Bankruptcy Court,
E.D. Oklahoma.

May 24, 1989.

See also, Bkrtcy., 102 B.R. 231.

Dale Gilsinger, Tulsa, Okl., on behalf of the debtor-in-possession (DIP).

Kwame Mumina, Oklahoma City, Okl., and Ed Barth, Syracuse, N.Y., for Viacom Intern., Inc. (Viacom).

Warren L. McConnico, Tulsa, Okl., for RCA Corp. (RCA).

Thomas Creekmore, Tulsa, Okl., for Ponce Federal Bank (Ponce).

Tony Ringold, for Puerto Rico Telephone Co. (PRTC).

David Loeffler, Jr., Bristow, Okl., for ABC Video Enterprises, Inc. (ABC).

William Bonney and Glenn Harrison, Muskogee, Okl., for Antiques, Inc. (Antiques).

Katherine Vance, Tulsa, Okl., for U.S. trustee.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On May 3, 1989, this Court conducted a hearing with regard to a Motion for Order Clarifying Claim for Purposes of Classification, Voting and Distribution and Brief in Support Thereof filed by Viacom International, Inc., with corresponding Objection by the Debtor–in–Possession, a Joint Objection of ABC Video Enterprises, Inc., RCA Corporation, Puerto Rico Telephone Company and the Ponce Federal Bank, and a Response to the Motion by Antiques, Inc.

Appearances were entered at the hearing by Dale Gilsinger on behalf of the Debtor-in–Possession (DIP), Kwame Mumina and Ed Barth for Viacom International, Inc. (Viacom), Warren L. McConnico for RCA Corporation (RCA), Thomas Creekmore for Ponce Federal Bank (Ponce), Tony Ringold for Puerto Rico Telephone Company (PRTC), David Loeffler, Jr. for ABC Video Enterprises, Inc. (ABC), William Bonney and Glenn Harrison for Antiques, Inc. (Antiques) and Katherine Vance for the United States Trustee.

At the hearing, counsel present provided legal argument and introduced documentary evidence in support of their respective legal positions. A determination was made that no further legal briefing was necessary, but that counsel for the DIP and Viacom would enter into Joint Stipulations in order to aid the Court in the resolution of this matter. Said Stipulations were timely received by this Court on the 10th day of May, 1989.

After review of the file and consideration of the legal arguments of counsel and the applicable law in the area in dispute, this Court does hereby enter this Final Order with the following Findings of Fact in this core matter:

## STATEMENT OF ISSUE

At issue in this case is whether Viacom has sufficiently set forth the criteria for an informal Proof of Claim on behalf of Department de Hacienda (the taxing authority in Puerto Rico) thereby allowing a priority claim for taxes due and owing.

## FINDINGS OF FACT

1. The DIP commenced this bankruptcy case by filing a Petition seeking the protection of the Bankruptcy Code under Chapter 11 reorganization on December 3, 1987. On that same date, the Clerk of this Court mailed to the matrix a Notice of § 341 Meeting of Creditors, wherein the bar date

for filing Proofs of Claim by creditors required to do so was established as April 4, 1988.

2. Viacom was in fact included on the matrix and did admittedly receive the aforementioned Notice of Meeting of Creditors, setting forth the bar date of April 4, 1988. Subsequently, Viacom filed a Proof of Claim on April 8, 1988, after an unsuccessful attempt on March 31, 1988. The total amount claimed by Viacom in that Proof of Claim was $356,061.48, based upon "payments due under various program license agreements—see attached judgment." The judgment referenced was rendered June 23, 1987 in the United States District Court for the District of Puerto Rico. The Proof of Claim form stated at Paragraph 10 "this claim is a general unsecured claim, except to the extent that the security interest, if any, described in Paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]" (emphasis added by Court). An Objection to this claim was filed by the DIP on June 3, 1988, stating as the reason for said Objection the filing of the Proof of Claim after the expiration of the claims bar date and that the amount owed Viacom by the DIP was overstated in said Proof of Claim.

3. Creditor Viacom was included in the Schedules of the DIP as an unsecured creditor holding a *disputed* claim in the amount of $89,084.90, representing the cost of programming from January through November, 1987 which remained unpaid.

4. Viacom and the DIP entered into an agreed Order Allowing Claim of Viacom Enterprises, a division of Viacom International, Inc. on June 27, 1988 which was executed by this Court. This Order was the result of an announcement on the date of the hearing on the Objection to Viacom's claim conducted on June 22, 1988, wherein counsel for the DIP stated that the matter was resolved and that an agreed Order would be presented to the Court accordingly.

The agreed Order states in pertinent part:

"After due consideration of the evidence presented, arguments of counsel, and a thorough review of the file, the Court finds as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2. WPRV is indebted to Viacom in the amount of $338,661.48 under the terms of certain Television Licensing Agreements (the "contracts") between WPRV and Viacom.

3. As a party charged by Puerto Rican law with responsibility for withholding taxes from payments to Viacom under the contracts, WPRV has a contingent tax liability to the pertinent Puerto Rican taxing authority.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

(a) Viacom is hereby granted and allowed an *unsecured* claim in the amount of $338,661.48.

(b) The allowance of Viacom's claim as provided herein shall not prejudice WPRV's contingent right to seek reimbursement or other redress from Viacom for any taxes assessed against WPRV as a result of past or future payments by WPRV to Viacom.

IT IS SO ORDERED." (emphasis added by Court)

This Order was subscribed by both counsel.

5. The Debtor also scheduled a tax liability to the Department de Hacienda, Puerto Rico, in the amount of $435,348.00, again listing said amount as *disputed*. Although this priority creditor was not included in the original matrix filed by the DIP, counsel for the DIP sent by First Class Mail to Department de Hacienda on December 29, 1987 all pleadings that had been filed to date, including the 341 Meeting of Creditors Notice, stating the bar date and advising the taxing authority of the necessity for filing a Proof of Claim when the amount owed is disputed by the Debtor. (See Debtor's Exhibit No. 2).

Further, the DIP's First Amended Plan of Reorganization filed on May 27, 1988 designates the disputed claim for taxes

owed to the Commonwealth of Puerto Rico as "Class 9." The treatment of Class 9 under said Plan states: "If the holder of a Class 9 claim obtains permission to file its Proof of Claim out of time, the holder of the Class 9 claim and WPRV shall, within thirty days following the confirmation date, file with the Bankruptcy Court a stipulated allowed amount of such disputed tax claim." Records indicate that the Department de Hacienda did receive a copy of the DIP's First Amended Plan of Reorganization.

6. The parties jointly stipulate for the purposes of this Order to the following facts:

(a) Debtor had knowledge of its tax obligation to Department de Hacienda as a result of the Viacom licensing agreement at the time this case was filed. However, the Debtor was unsure of the amount owed Hacienda.

(b) The Debtor knew when the June 27th Order (Order Allowing Claim of Viacom Enterprises) was entered that Viacom's allowed claim could be satisfied in part by payment of taxes to Hacienda.

(c) A stipulated judgment was entered by Viacom and the Debtor in action Civil 86–1982 in the United States District Court for the District of Puerto Rico which reflects recognition by Viacom and the Debtor that the taxes were owed Hacienda and the stipulated judgment is attached to the Proof of Claim filed by Viacom.

(d) At the time of the filing of the case pursuant to Sections 231, 144 and 143 of the Puerto Rico Income Tax Act, 13 L.P.R.A. §§ 3231, 3144 and 3143, Viacom and the Debtor were jointly liable to Hacienda for the payment of taxes imposed on payments made by the Debtor to Viacom under the licensing agreement.

7. Viacom asserts that sufficient facts exist for it to establish an informal Proof of Claim on behalf of Department de Hacienda through pleadings filed by Viacom. Additionally, Viacom contends that it may assert the claim on behalf of Department de Hacienda due to its joint liability with the Debtor for withholding taxes owed to the Commonwealth of Puerto Rico. Finally, Viacom argues that since an informal Proof of Claim by Department de Hacienda may be established, said claim is entitled to priority status in contemplation of a Plan of Liquidation.

8. Debtor and the creditors joining with the Debtor in objecting to the Motion assert that insufficient facts exist in the record to establish an informal Proof of Claim on behalf of Department de Hacienda, and that any claim asserted by Viacom is strictly unsecured in nature.

### CONCLUSIONS OF LAW

█ A. The initial problem this Court sees with the position taken by Viacom is the ability of the movant to assert an *informal* Proof of Claim on behalf of another entity. The Bankruptcy Code and Rules are clear as to the method intended for the pursuance of a claim when a party is or may be jointly liable. The Bankruptcy Code at 11 U.S.C. § 501(b) states that "if a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." The comment to that Section relegates the procedure for the filing of such a claim to the Bankruptcy Rules. See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 352 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6307. Bankruptcy Rule 3005(a) states that "if a creditor has not filed a proof of claim pursuant to Rule 3002 or 3003(c), an entity that is or may be liable with the debtor to that creditor, or who has secured that creditor, may, within thirty days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c) whichever is applicable, execute and file a proof of claim *in the name of the creditor, if known,* or if unknown, in the entity's own name." (emphasis added by the Court).

In the instant case, Viacom admittedly had knowledge of the identity of the Department de Hacienda taxing authority and failed to follow the procedure prescribed by the Bankruptcy Code and Rules in order to enforce the claim of the Department de

Hacienda. Instead, Viacom filed a general unsecured claim which incorporated the amount owed to the taxing authority in the name of Viacom alone. Cases governing an informal Proof of Claim almost exclusively address the ability of the party to assert such a claim on behalf of itself. See *Sambo's Restaurants, Inc. v. Wheeler*, 754 F.2d 811 (9th Cir.1985); *In re Mitchell*, 82 B.R. 583 (Bankr.W.D.Okla.1988); *United States v. International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985). The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devasting effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor. This concept, however, must be tempered by what this Court believes to be one of the paramount reasons for forcing filing by a date certain of a Proof of Claim for creditors whose claims are disputed in a Chapter 11 bankruptcy, the necessity of informing the DIP and all creditors and potential Plan proponents of all claims pending against the estate so that a Plan may be formulated with definiteness and certainty and allow creditors to determine their proportionate share of the distribution. Without enforcement of the Bankruptcy Rules in this area, the debtor would forever be battling the claims of creditors without resolution and other Plan proponents would be unduly delayed, thus denying other creditors a timely distribution.

Although this Court is somewhat troubled by the expansion of the informal Proof of Claim doctrine to include a creditor with potential joint liability on a particular debt, it is not abhorrent to the process provided the creditor attempting such assertion strictly meets the requirements for the establishment of an informal Proof of Claim. Thus, in the opinion of this Court, Viacom may attempt the assertion of an informal Proof of Claim on behalf of Department de Hacienda.

B. Viacom essentially contends that it has sufficient pleadings on file to establish an informal claim on behalf of the Department de Hacienda which Viacom should now be allowed to amend by filing a formal Proof of Claim, asserting priority status for the tax obligation owed to the Commonwealth of Puerto Rico.

■ Under certain circumstances, an informal claim may be established by a creditor. See *In re Mitchell*, supra. Amending these informal claims should not be allowed where such amendment is to actually establish a new claim or new theory of recovery. *In re International Horizons*, supra. This Court must assume that Viacom is asserting a claim which it considers to be established and is not attempting to assert a new claim on behalf of Department de Hacienda.

■ C. For an informal claim to be permitted, sufficient documents must exist to provide (1) the nature of the claim; (2) the amount of the claim; and (3) evidence of intent of the creditor to hold the estate liable. *Sambo's Restaurants, Inc. v. Wheeler*, supra.

■ This Court will only look to the documents filed by Viacom, since Department de Hacienda has not filed any pleadings in this case thus far. The only documents that shall be considered are those filed in this Bankruptcy case *during the claims filing period* and the Court shall not consider activities or allegations made outside the scope of this very narrow time period in order to establish an informal claim. *In re Mitchell*, supra at 586. It should be noted, however, that "the mere filing of a document in the Bankruptcy Court prior to the bar date will not necessarily suffice as an informal proof of claim." It must contain the specific minimum elements stated hereinabove. *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963). Viacom has filed various documents, commencing with its Proof of Claim, which set forth a general unsecured claim of $356,061.48. In support, Viacom attaches a judgment from the United States District Court of Puerto Rico which

on its face appears to be an enforcement of contractual rights. In response to this filing, the DIP filed an Objection to which a resolution was reached between the parties and an agreed Order was subscribed by counsel for both the DIP and Viacom, asserting a general unsecured claim for Viacom in the amount of $338,661.48. The Debtor's Schedules set forth a disputed, unsecured claim of Viacom in the amount of $89,084.90 and a disputed, priority claim of Department de Hacienda in the amount of $435,348.00, which if as Viacom declares should be included in the amount claimed by Viacom, would result in a total claim of $524,432.90 in disputed claims. Since these were the only documents relating to a claim filed by Viacom during the claims filing period, these are the documents upon which this Court must rely.

Viacom fails in the first element for an informal claim in that it does not establish the definite nature of the claim through the above mentioned pleadings since it did not assert that any portion of the amount claimed was of a priority nature but rather all documentation points toward a general, unsecured claim being the sole claim sought by Viacom.

The second element relating to a definite, specific, unequivocal amount for the claim of Department de Hacienda must likewise be evident from the pleadings above mentioned. Since numerous sums were asserted, retracted and reasserted, there is no evidence present in the record which would allow a reasonable person to determine the actual amount of the claim of the Department de Hacienda.

Finally, the third element of an intent to hold the estate liable is present, but only as to Viacom. There is no such evidence present as to the Department de Hacienda.

Counsel for Viacom stated at the hearing that the internal procedures and records of the Department de Hacienda would not reveal the liability of the Debtor on withholding taxes until the Debtor informed it of such, and thus further inquiry would not have been made by Hacienda when notice of the bankruptcy was received. This Court cannot allow the unreasonable prac-

tices and procedures of a creditor to delay the progress of a bankruptcy when such would be detrimental to the creditors that have acted promptly to protect their interests.

Viacom would have this Court establish the policy that a debtor and other parties in interest must look behind the claims filed by creditors to establish the priorities pursuant to 11 U.S.C. § 507 in order to formulate treatment in a Plan. In this Court's opinion, this burden lies squarely on the shoulders of the creditor to clearly establish the priority and the amount of a particular claim in order to shift the burden to the debtor to contend otherwise. The debtor and other parties are not omniscient as to the intent of the claimant and thus the burden is correctly placed as herein stated. Viacom asserts an unsecured claim by all outward appearance and thus the claim will be allowed only as such.

IT IS THEREFORE ORDERED that Viacom's claim be allowed solely as unsecured. Since Department de Hacienda has failed to timely assert a claim, either formally or informally, any amount due and owing to that entity is hereby disallowed.