**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Bankruptcy No. 85–01307–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Aug. 6, 1990.

William J. Sweeney, Giblin & Combs, Morristown, N.J., for Abtrax Pharmaceutical Corp., Inc.

James C. Crockett, Jr., Mays & Valentine, Richmond, Va., for A.H. Robins Co., Inc.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon the debtor's motion to disallow the proof of claim filed by Abtrax Pharmaceutical Company, or in the alternative, to join Elkins–Sinn, Inc., as a party defendant. Finding that the proof of claim filed by Abtrax is deficient as a matter of law, the Court grants the debtor's motion.

### FINDINGS OF FACT

A.H. Robins, Inc. ("Robins"), the debtor in this proceeding, filed its Seventh Omnibus Objection to Certain Non–Dalkon Shield Claims ("Objection") on October 19, 1989. The Objection was filed pursuant to an order entered by the district court, titled "Order Establishing Procedure for Objections to Non–Dalkon Shield Claims ("Procedure Order"). The Procedure Order provides that a hearing on an objection filed by Robins to a non-Dalkon Shield claim shall be conducted if requested by the claimant after receiving notice of the objection, otherwise, the claim is disallowed. One of the claims affected by the Objection

consisted of a document filed by Robins ("proof of claim") consisting of a copy of a complaint filed by Abtrax Pharmaceutical Corporation ("Abtrax"), a New Jersey corporation, against Elkins–Sinn, Inc. ("ESI"), a wholly owned subsidiary of Robins. Abtrax, having been served notice of the Objection by Robins, timely requested a hearing on the merits of its claim.

The factual circumstances surrounding Robins' filing of the proof of claim are not in dispute. On November 29, 1985, Abtrax filed an action against ESI in the Superior Court of New Jersey, Law Division, Monmouth County. Abtrax' suit against ESI arises from the parties' contractual relationship, whereby ESI manufactured a product called Gecolate which it sold to Abtrax. In the suit, Abtrax alleges that ESI breached its contract by ceasing to manufacture the product without notice to Abtrax, and that this breach resulted in the loss of current sales and future business. Abtrax also alleged that ESI misappropriated Abtrax' trade secrets. This suit is still pending in the New Jersey state court.

On April 30, 1985, several months prior to the initiation of Abtrax' suit against ESI, Charles W. Rahner, Jr., president of Abtrax, wrote to E. Claiborne Robins, Jr., the debtor's president, apprising him of the circumstances surrounding the dispute between Abtrax and ESI. In this letter ("Rahner letter"), Rahner implied that Claiborne Robins was responsible for ESI's wrongdoing, and accused him of planning "to wipe my Gecolate off the market." Presumably, Rahner felt that Robins was manipulating ESI and its relationship with Abtrax to advance its own purposes at Abtrax' expense. However, the letter does not set forth the specific nature of the alleged wrongdoing by Robins or the extent of damages suffered by Abtrax.

Shortly after the foregoing events, Robins filed its Chapter 11 bankruptcy case on August 21, 1985. By court order, the district court established the claims bar date on April 30, 1986, and pursuant to the plan of reorganization, claims filed beyond this date would be disallowed. At approximately 8:00 p.m. on the bar date Robins filed numerous claims on behalf of persons who had filed suit against Robins prior to the bankruptcy, ostensibly to ensure that these claims could be adjudicated in the bankruptcy case. One of the documents which Robins filed was a copy of Abtrax' complaint against ESI. This document was received by the clerk's office, and filed as a proof of claim in the bankruptcy case. Abtrax' complaint, which sets forth a cause of action against ESI, contains no references to Robins and concludes with the following statement: "This controversy is not the subject of any other action and there are no other parties who should be joined."

On October 19, 1989, Robins filed its omnibus Objection which, *inter alia,* sought disallowance of the proof of claim consisting of Abtrax' complaint against ESI, and Abtrax timely requested a hearing. Subsequently, Robins filed the instant motion seeking summary disallowance of the claim, alleging that the copy of the complaint did not meet the requirements for a valid proof of claim and was deficient as a matter of law. A hearing was held on Robins' motion on July 19, 1990, and both parties submitted memoranda of law prior to the hearing. At the hearing, the Court heard Robins' arguments on its motion, but took no evidence. Robins' counsel contended that Robins inadvertently filed the copy of Abtrax' civil suit against ESI along with proper claims in the last minute dash to meet the claims bar date. Robins' requested the Court to disallow the claim, asserting that the document it filed is deficient because it contains no reference to Robins, and that the filing of the document was a mistake due to the fact that it was included in a batch of product liability claims against Robins. Additionally, Robins argued that since the proof of claim failed to state a claim against Robins, amendment of the claim would be impossible. Counsel for Abtrax failed to attend the hearing, despite receiving proper notice. In its memorandum, Abtrax requests the Court to deny Robins' Objection, asserting that its proof of claim was timely filed and that Abtrax has meritorious claims against Robins. At the close of the hearing, the Court directed

the parties to submit further memoranda of law.

## CONCLUSIONS OF LAW

Based on an examination of the memoranda filed by the parties, it does not appear to the Court that there are any issues of material fact between the parties, and that the Court may decide Robins' motion as a matter of law.[1]

1. **Inadequacy of the Proof of Claim.**

■ The requisites for a proof of claim in a bankruptcy case are set forth in Bankruptcy Rule 3001, which provides that "a proof of claim is a written statement setting forth a creditor's claim." Bankr.Rule 3001. Pursuant to Bankruptcy Rule 3004, the debtor may file a proof of claim on behalf of a creditor. Bankr.Rule 3004. Objections to claims are governed by Bankruptcy Rule 3007, which provides that an objection shall be in writing and filed with the bankruptcy court, and that a copy of the objection with notice of hearing shall be delivered to the claimant 30 days prior to hearing. Bankr.Rule 3007.

■ The requirement for the filing of a proof of claim in a bankruptcy case provides for the establishment of a *prima facie* case as to the amount and validity of a creditor's claim. *In re Atoka Agriculture Systems, Inc.*, 39 B.R. 474, 476 (Bankr.E.D.Va.1984). In order to constitute a valid proof of claim, the writing purporting to be the proof of claim must establish the creditor's intent to recover from the estate. *In re International Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir. 1985). According to the Seventh Circuit in *Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 465 (7th Cir.1984):

The general rule is that a claim arises where the creditor evidences an intent to assert its claim *against the debtor*. Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient. (Emphasis added.)

*Wilkens*, 731 F.2d at 465. The District Court for the Eastern District of Virginia has held that a proof of claim must consist of a writing "which contains a demand against the debtor and manifests the creditor's intention to hold the debtor liable." *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 795 (E.D.Va.1985) (*citing In re Sems Music Co.*, 24 B.R. 376, 380 (Bankr.M.D.Tenn.1982)). *Accord, In re Charter Co.*, 876 F.2d 861, 863–64 (11th Cir.1989); *In re Anderson Walker Industries, Inc.*, 798 F.2d 1285, 1287 (9th Cir. 1986).

■ Abtrax' status as an unsecured creditor of the debtor, entitled to receive a distribution from the bankruptcy estate, depends upon the validity of the timely filed copy of its complaint against ESI as its proof of claim in the bankruptcy case, as claims filed beyond the bar date are to be disallowed pursuant to the plan of reorganization. *In re A.H. Robins Co., Inc.*, 88 B.R. 742, 753 (E.D.Va.1988), *aff'd, In re A.H. Robins Co., Inc.*, 880 F.2d 694 (4th Cir.1989), *cert. denied Menard–Sanford v. A.H. Robins Co., Inc.*, — U.S. ——, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989) (opinion confirming plan of reorganization). However, the proof of claim fails to meet the criteria established by the prevailing authority. At a minimum, the proof of claim must contain a demand against the debtor. *International Horizons, Wilkens, Middle Plantation of Williamsburg, supra*. The proof of claim in this case consists of the copy of a complaint filed by Abtrax against ESI in New Jersey state court. As such, the proof of claim fails to make demand against Robins, affirmatively stating that the controversy between Abtrax and ESI is not the subject of any other action, and that no other parties should be joined.

---

1. Robins' motion can be likened to a motion for summary judgment. As such, the provisions of Fed.R.Civ.P. 56, requiring that specific notice of a motion of summary judgment be given, apply in this contested matter. Bankr.Rule 9014 advisory committee note. However, the Court finds that due process has been served in this case, as Abtrax has been afforded adequate notice of the substance of Robins' motion, and has had ample opportunity to present its arguments and any evidence it may deem relevant.

Consequently, the proof of claim is insufficient as a matter of law.

For its part, Abtrax contends that Robins was aware of its potential liability to Abtrax, and filed the proof of claim for that reason. However, it is not enough that the debtor is aware of the existence of a potential claim against it, rather, the claimant must demonstrate an intent to assert a claim against the debtor. *Wilkens*, 731 F.2d at 465. Prior to Abtrax' response to Robins' Objection to the proof of claim, there is no indication from the proof of claim that Abtrax intended to hold Robins liable for anything. The failure of this document to evidence Abtrax' intent to hold Robins liable persuades the Court that this document, relied upon by Abtrax as its proof of claim, does not meet the minimum requirements for a valid proof of claim.

### 2. Amendment of the Proof of Claim.

 Even if the Court were to hold that the proof of claim met the requirements set forth above, amendment to this proof of claim would be required to put Robins on notice of the theories under which Abtrax intended to hold Robins liable, and the amount of recovery sought. "Amendments to proofs of claim are freely allowed to cure a defect in the claim originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts of the original claim." *In re White Motor Corp.*, 59 B.R. 286, 288 (Bankr.N.D.Ohio 1986) (*citing First National Bank of Mobile v. Everhart (In re Commonwealth Corp.)*, 617 F.2d 415 (5th Cir.1980) and *International Horizons, supra*). However, amendment to the proof of claim *sub judice* is impermissible. Amendments to proofs of claim are permitted, but "only where the original claim prompted notice to the court of the existence, nature, and amount of the claim." *International Horizons*, 751 F.2d at 1217. Amendments are not permitted where the amendment would state an entirely new claim. *AM International, Inc.*, 67 B.R. 79, 81 (N.D.Ill.1986) ("Amendments to proofs of claim filed after the bar date in bankruptcy cases are scrutinized closely to ensure that the amendment is genuine rather than the assertion of an entirely new claim."). *See also Commonwealth Corp., supra; White Motor Corp., supra; In re Black & Geddes, Inc.*, 58 B.R. 547, 553 (S.D.N.Y.1983).

In the case at bar, the proof of claim states no cause of action against Robins, only ESI. In fact, the complaint filed by Abtrax against ESI concluded with the statement: "This controversy is not the subject of any other action and there are no other parties who should be joined." Accordingly, any amendment to the proof of claim would necessarily constitute a new claim against a new defendant, Robins, and would be contrary to established precedent. Therefore, as amendment is not possible in this instance, it would be futile to allow the proof of claim to stand as filed.

 Moreover, the letter from Abtrax' president to Robins' president does not constitute an informal proof of claim capable of amendment after the bar date. First, the letter was mailed several months prior to the bankruptcy case. Only documents filed in connection with the bankruptcy case during the claims filing period shall be considered as constituting an informal proof of claim. *In re WPRV–TV, Inc.*, 102 B.R. 234, 238 (Bankr.E.D.Okla.1989). Second, the letter itself sets forth the facts surrounding Abtrax' suit against ESI, but fails to assert how Robins would be responsible for ESI's breach of contract and also fails to assert the extent of the damages suffered by Abtrax. To be deemed an informal proof of claim, this letter must provide substantially the information that a formal claim would provide. *International Horizons*, 751 F.2d at 1218. *See also WPRV–TV*, 102 B.R. at 238 ("sufficient documents must exist to provide (1) the nature of the claim; (2) the amount of the claim; and (3) evidence of the intent of the creditor to hold the estate liable."). Finally, the Rahner letter was not timely filed with the Court. A letter sent to the debtor but not filed with the Court does not qualify as an informal proof of claim. *See In re Stern*, 70 B.R. 472, 476 (Bankr.E.D.Pa. 1987); Bankr.Rule 5005(b). As the letter is not appreciably more informative than the

copy of the suit filed as a proof of claim, was sent several months prior to the bankruptcy filing, and was not timely filed with the Court, the letter does not meet the requirements of an informal proof of claim.

This is not to say that Abtrax does not have a cause of action against Robins. The Court is unaware of whether Abtrax has a valid cause of action against Robins, and expresses no opinion on this issue. However, if a valid cause of action does exist against Robins, it is not set forth in the copy of Abtrax' suit against ESI, and is not sufficiently described in the Rahner letter. Consequently, any amendment to the proof of claim would necessarily constitute a new and distinct cause of action against Robins, and would be impermissible according to the prevailing authority.

3. Considerations of Equity.

Finally, Abtrax urges the Court to deny Robins' motion on equitable grounds, asserting that the Court's "acceptance" of the claim and Robins' failure to object during the four years since it filed the proof of claim entitled Abtrax to rely upon the filing. Abtrax is mistaken on several counts. First, the receipt by the clerk's office of the proof of claim does not evidence the Court's "acceptance" of the validity of the claim. The bankruptcy court does not automatically review proofs of claim filed in a case, and only reaches the merits underlying a claim when an objection is filed to that claim. An adjudication of the merits of the claim by this Court did not become necessary until Robins filed its Objection. Furthermore, neither the Bankruptcy Rules nor the Procedure Order specify the time within which Robins must object to a claim, consequently, Abtrax' assertion that Robins' Objection is untimely is without merit.

Second, Abtrax cannot complain that it relied upon Robins' filing of the proof of claim to its detriment because Robins filed the proof of claim only hours before the claims deadline expired. If Robins had not filed the proof of claim when it did, several hours before the deadline, it is highly improbable that a proof of claim

would have been timely filed by Abtrax. If Abtrax had not filed its claim against Robins by the bar date, it would be precluded from pursuing its claim, consequently it was only through Robins' actions that Abtrax remained before the Court at all. Furthermore, it is noteworthy that Abtrax has yet to attempt to amend the proof of claim to properly state a claim against Robins. If Abtrax believed that it had a valid claim against Robins, then it would have amended its proof of claim at some point during the four years since the proof of claim was filed. It is inconceivable that Abtrax considered the proof of claim filed by Robins sufficient to entitle Abtrax to a distribution from the bankruptcy estate when that proof of claim did not even mention Robins or allege any damages caused by Robins. It is more likely that Abtrax was unaware of the existence of the proof of claim until receiving Robins' Objection to it.

For the foregoing reasons, Robins' motion to disallow the claim of Abtrax is granted. For this reason, the Court need not address Robins' motion to join ESI as a party defendant.

An appropriate order will issue.