**In re Aloys UWIMANA.**

**Aloys Uwimana**

**v.**

**Government of Rwanda.**

**CIV.A. No. DKC 2002–1095.**

United States District Court, D. Maryland.

Oct. 8, 2002.

John Douglas Burns, Burns Law Firm LLC, Greenbelt, MD, for appellant.

David J. Farber, Patton Boggs LLP, Washington, DC, for appellee.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This case is before the court on appeal from the order of Bankruptcy Judge Paul Mannes, granting the Motion of the Republic of Rwanda (Appellee or the Republic) to Amend Informal Proof of Claim or in the Alternative, for Leave to File Out of Time Claim. Bankruptcy Judge Mannes determined that the Republic's adversary proceeding in the bankruptcy court against Debtor Aloys Uwimana (Appellant) constitutes an informal proof of claim and allowed the amendment of that informal proof of claim. Appellant Uwimana now argues that the bankruptcy court erred in allowing the informal proof of claim because § 502(b)(9) of the Bankruptcy Code (the Code), 11 U.S.C. § 502(b)(9), abrogated the informal proof of claim doctrine. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decision process would not be significantly aided by oral argument. *See* Bankr.Rule 8012. For the reasons that follow, this court will AFFIRM the decision of the bankruptcy court.

## I. Background

The background out of which this appeal arises is lengthy and only the relevant facts and details will be discussed here. Appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 11, 1998. On December 3, 1998, the Republic filed an Adversary Complaint to Determine Discharge of Debts. After a trial, the bankruptcy court rendered a non-dischargeable judgment of $17,475 in favor of the Republic on February 17, 2000.

Before the bankruptcy court even ruled on the merits of the adversary proceeding, however, Appellant Uwimana filed a Chapter 13 case on May 6, 1999 in order to "stop an imminent foreclosure." Paper 6. This effectively converted the Chapter 7 case into a Chapter 13 case. After Appellant raised the fact that the Republic had not filed a claim in the Chapter 13 case, the Republic filed its Motion to Amend Proof of Claim or for Leave to File Out of Time Claim on February 11, 2000. The Republic argued that the adversary proceeding it had instituted in December 1998 in the context of Appellant's Chapter 7 proceeding constituted an informal proof of claim for the purposes of the converted Chapter 13 proceeding. Appellant filed his timely Opposition on January 18, 2002,[1]

---

1. The parties had agreed to a stay in the proceedings.

arguing that the informal proof of claim doctrine had been abrogated by the Code as amended by § 502(b)(9) in 1994. The bankruptcy court ruled in favor of the Republic on February 14, 2002 and Debtor Uwimana now appeals.

## II. Standard of Review

The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Deutchman,* 192 F.3d 457, 459 (4th Cir.1999) (internal citations omitted); *see also In re Kielisch,* 258 F.3d 315, 319 (4th Cir.2001). In matters of equity, like the informal proof of claim doctrine relevant in this case, review is based upon an abuse of discretion standard. *See In re Davis,* 936 F.2d 771, 775 (4th Cir.1991), *citing In re Kolstad,* 928 F.2d 171, 172 (5th Cir.1991); *see also In re Nikoloutsos,* 199 F.3d 233, 236 (5th Cir.2000).

## III. Analysis

### A. § 502(b)(9) and the Informal Proof of Claim Doctrine

The informal proof of claim doctrine is a common law equitable doctrine that allows a variety of writings to qualify as a proof of claim under the Code, even if they were not originally intended as such. *See* 4 COLLIER ON BANKRUPTCY, ¶ 501.01[3][e] (15th ed. Rev.2001). The doctrine allows "[c]reditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate [ ] to preserve those interests by showing that they have complied with the spirit of the rules." *In re M.J. Waterman & Associates, Inc.,* 227 F.3d 604, 608–609 (6th Cir.2000). Appellant argues that § 502(b)(9), which was added to the Code by the Bankruptcy Reform Act of 1994, abrogated the informal proof of claim doctrine. Therefore, ac-

cording to Appellant, the bankruptcy court erred in applying the doctrine to allow the Republic's adversarial proceeding in Appellant's Chapter 7 case to constitute a claim in the current Chapter 13 case.

Section 502 of the Code governs the allowance of claims or interests. Section 502(b)(9) states in relevant part:

> (b) Except as provided ... [the court] shall allow such claim in such amount, except to the extent that -
>
> . . .
>
> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure . . . .

According to its plain text and its legislative history, § 502(b)(9) addresses the issue of late filed claims. *See* 140 Cong. Rec. H10768 (Oct. 4, 1994). Congress intended § 502(b)(9) to "overrule *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn. 1992), and its progeny by disallowing claims that are not timely filed." *Id.* The *In re Hausladen* court had found that no time bar expressly exists under either the Code or the Bankruptcy Rules; because tardy or late filing was not one of the eight grounds specifically listed in § 502(b) for disallowing claims, that court concluded that lateness could not be a ground for disallowance of a claim. *Id.,* at 559. In § 502(b)(9), Congress decisively articulated its intention that, contrary to the *Hausladen* court's understanding, lateness *is* a ground for disallowing claims. However, there is no indication in either the text of § 502(b)(9) or in its legislative history that Congress intended to abrogate the informal proof of claim doctrine with § 502(b)(9).

Nevertheless, Appellant persistently argues that § 502(b)(9) abrogates the infor-

mal proof of claim doctrine. Appellant has neither clearly nor distinctly explained the reasoning behind his dogged conviction that § 502(b)(9)· obliterates the informal proof of claim doctrine. It is possible that Appellant perceives that because the informal proof of claim doctrine allows for the retroactive and tardy determination by a court of a proof of claim's existence, it runs afoul of § 502(b)(9)'s stated purpose of making lateness a ground for disallowing claims. However, the informal proof of claim doctrine is an equitable doctrine. As such, its *raison d'etre* is precisely to come into play when a creditor in a bankruptcy proceeding has not filed a formal proof of claim by the bar date. *See In re Waterman*, 227 F.3d at 608. Because of this, one might appreciate that the need for the doctrine and its purpose are stronger now, after Congress's § 502(b)(9) clarification, than before.

■ As the court stated in *In re Waterman*, "[w]e find that the informal proof of claims doctrine is still very much alive." 227 F.3d at 608 n. 4. This court agrees and finds that § 502(b)(9) does not abrogate the informal proof of claim doctrine. The bankruptcy court therefore did not err when it found the same and properly applied the doctrine to the Republic's Motion to Amend Proof of Claim or for Leave to File Out of Time Claim.

### B.  The Republic's Informal Proof of Claim

■ The second issue presented is whether the bankruptcy court abused its discretion in finding that the Republic's filing of an adversarial proceeding in Appellant's Chapter 7 case constituted an informal proof of claim in the converted Chapter 13 case. An abuse of discretion is defined as a "definite and firm conviction

that the [court below] committed a clear error of judgment." *Soberay Machine & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.1999). The question for the district court on review is whether a reasonable person could agree with the bankruptcy court's decision. *See Washington v. Sherwin Real Estate Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982); *see also In re Carter*, 100 B.R. 123, 126 (D.Me.1989).

In reaching its decision, the bankruptcy court relied on *In re Davis*, 936 F.2d 771 (4th Cir.1991), and *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604 (6th Cir. 2000), for their articulation of the elements required for the allowance of informal proofs of claim. Appellant objects that *In re Davis* was issued prior to the 1994 addition of § 502(b)(9) to the Code and that it dealt with Fed. R. Bankr.P. 3004 and the excusable neglect standard, and not the informal proof of claim doctrine. Because this court has already found that § 502(b)(9) does not abrogate the informal proof of claim doctrine and because *In re Davis*, in addition to addressing the excusable neglect standard, also addresses the informal proof of claim requirements of Fourth Circuit case law, Appellant's objection to the bankruptcy court's reliance on *In re Davis* is without basis.

Appellant also objects that the *In re Waterman* decision is inapposite to his case because of distinctions between the facts underlying that case and those underlying this case. The distinctions Appellant seizes upon are, however, irrelevant to the validity of the elements required of an informal proof of claim that are articulated by *In re Waterman*. In fact a Fifth Circuit case, *In re Nikoloutsos*, 199 F.3d 233 (5th Cir.2000), whose underlying facts mirror those of Appellant's case more closely,[2]

---

**2.** Insofar as *In re Nikoloutsos*, 199 F.3d 233 (5th Cir.2000) also involves the determination

of an informal proof of claim in a Chapter 13

requires the same five elements for an informal proof of claim that *In re Waterman* requires. Insofar as Appellant's objections regard questions of law, this court finds the bankruptcy court properly relied on both *In re Davis* and *In re Waterman*.

■ In its decision, the bankruptcy court noted that the informal proof of claim doctrine in the Fourth Circuit, as discussed in *In re Davis*, requires only some affirmative action—which need not even be in writing—on the part of the creditor to constitute notice that it has a claim against the estate. The court then went on to note that, even under the more specific and stringent standard found in *In re Waterman*, the Republic satisfied the requirements for a finding of an informal proof of claim. The elements of the standard found in both *In re Waterman* and *In re Nikoloutsos* are: (1) the proof of claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must express an intent to hold the debtor liable for the debt; (4) the proof of claim must be filed with the bankruptcy court; and (5) it must be equitable to allow the informal proof of claim.

The first four elements are easily satisfied by the Complaint to Determine Dischargeability of Debts that the Republic filed in December 1998 to initiate the adversarial proceeding: (1) it is in writing, (2) contains a demand on the debtor's estate, (3) expresses an intent to hold the debtor liable for the debt, and (4) it was filed with the bankruptcy court. With regard to the bankruptcy court's findings on these first factual elements, this court finds no clear error. On the fifth question of whether it would be equitable to allow the informal proof of claim, the bankruptcy court emphatically asserted that "it would

case that was converted from a Chapter 7

be most inequitable not to allow it." While the bankruptcy court did not elaborate on the equities, judging from the facts and arguments presented, it appears that a reasonable person could agree with the bankruptcy court's decision.

Appellant argues that allowing the Republic's informal proof of claim is not equitable because Appellant is a "poor public school teacher [who] has litigated a $2,000,000.00 matter in a Chapter 7 case and is now faced with a claimant who *did nothing to assert any claim in this* [Chapter 13] *case* . . . ." Paper 6 (emphasis added). Appellant has consistently voiced his conviction that the fact that the Republic's adversarial proceeding filing took place in the context of the Chapter 7 case and not the current Chapter 13 case is significant from an equity standpoint. It is not.

*In re Fred Dent, Inc.,* 57 B.R. 219 (Bkrtcy.M.D.La.1986), is a case that involved the allowance of an informal proof of claim and multiple conversions between bankruptcy chapters. In that case, creditor sent a letter to debtor's "manager" while the case was filed under Chapter 11, after it was converted from a Chapter 7 case and before it was converted back into a Chapter 7 case. The court found that creditor's letter constituted an informal proof of claim. After examining other relevant factors, the court observed, "[t]here is no indication of harm or surprise to the estate. . . . [T]he equities apparently favor recognition of the letter as a claim." *Id.*, at 221.

■ The informal proof of claim doctrine is intended:

> . . . to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the

case.

filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor.

*In re Waterman,* 227 F.3d at 609, *quoting In re WPRV-TV, Inc.,* 102 B.R. 234, 238 (Bankr.E.D.Okla.1989). Appellant's Chapter 7 case was converted to a Chapter 13 case on May 6, 1999 when he filed his second bankruptcy petition. This Chapter 13 case has proceeded with the same parties, involving the same underlying facts, and before the same bankruptcy court and judge as the case did when it was filed under Chapter 7 of the Code. The Republic's filing from December 1998 has necessarily provided all parties with proper notice of its claim throughout this case. This court therefore finds that the bankruptcy court did not commit an error of judgment—clear or otherwise—in finding that it would be equitable to allow the Republic's adversary proceeding to constitute an informal proof of claim in this case. The bankruptcy court did not abuse its discretion in coming to that decision and its decision will be therefore affirmed.

## IV. Conclusion

For the foregoing reasons, the court will affirm the bankruptcy court's order. A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of October, 2002, by the United States District court for the District of Maryland, ORDERED that:

1. The Order of the bankruptcy court that the Republic's ongoing adversary proceeding against Appellant Uwimana constitutes an informal proof of claim BE, and the same hereby IS, AFFIRMED; and

2. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.