**In re James Winston HARPER, M.A., M.D., Debtor.**

**Bankruptcy No. 89–60943.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division at Gary/Lafayette.

Aug. 12, 1991.

---

**3.** The amount paid to unsecured creditors is not an element of the reasonably necessary test.

Jerald Meacham, Gary, Ind., for debtor.

Elizabeth Merkley, Merrillville, Ind., for Gainer Bank.

### MEMORANDUM OPINION AND ORDER

KENT LINDQUIST, Chief Judge.

I

### STATEMENT OF PROCEEDINGS

This Chapter 13 proceeding came before this court on the trustee's objection filed on

March 11, 1991, to the "Second Amended" proof of claim filed by Gainer Bank (hereinafter: "Creditor") on February 15, 1991 in the amount of $35,846.93. Said claim states that "collateral of no value to creditor due to superior lien and encumbrances". The claim has attached thereto a note allegedly executed by the Debtor on September 8, 1987 in favor of the creditor secured by certain real estate. The court set this matter for an initial pre-hearing conference on May 7, 1991 which was attended by the trustee and an attorney for creditor. The parties reported to the court that they were investigating the trustee's objection and requested that the court re-set the matter.

The Court takes judicial notice that the creditor also filed an "amended proof of claim" on May 22, 1990. That claim appears to be identical to the "second amended proof of claim" filed by the creditor on February 15, 1991.

On February 5, 1991, the creditor also filed a Motion to Allow Amended Claim which provided in relevant part:

1. That it filed its original Proof of Claim in this case on August 1, 1989. Said claim, for unknown reasons, was not docketed by the Bankruptcy Clerk's Office.

2. Creditor has been unable to locate its copy of said claim.

3. Creditor now wishes to file an Amended Claim, correcting the balance as per its records.

On March 12, 1991, the court entered an order and notice that the creditor had filed its motion to allow Amended Claim, and provided any objections thereto must be filed with the clerk's office on or before April 2, 1991. The trustee filed his objection to the creditor's second amended claim on March 11, 1991.

The court reset the hearing for June 4, 1991, at which hearing the parties agreed that this contested matter could be decided by the court as a question of law. The parties stipulated that the creditor did not file a timely formal proof of claim prior to the bar date, but that the creditor did file an objection to the confirmation of the debtor's plan on September 21, 1989, prior to the bar date to file claims. The court then gave the parties 14 days to submit any legal memorandum.

The trustee having submitted his legal memorandum on June 17, 1991, and the creditor having submitted its legal memorandum on June 18, 1991, this matter is ready for a decision.

## II

## STATEMENT OF FACTS

The debtor filed a Chapter 13 petition and plan on June 21, 1989. The notice of the debtor's § 341 meeting of creditors was mailed on June 30, 1989 to all scheduled creditors pursuant to the Clerk's Certificate of Service dated June 30, 1989. The creditor is set out in the Clerk's Certificate of Service. This notice provided that all claims must be filed with the court on or before November 20, 1989, and that claims not filed on or before that date would not be allowed, except as otherwise provided by law.

The Court takes judicial notice that the Debtor's original Schedule A–2 filed June 2, 1989 "Creditors Holding Security" lists a secured claim by the creditor in the sum of $37,205.62 with collateral therefore valued at $27,500.00.

The Court takes further judicial notice that the Debtor's Amended Schedule A–2 filed October 16, 1989, which was filed prior to the bar date to file claims and after the creditors' objections to confirmation, also listed the creditor as a secured creditor with a claim of $35,646.93. The Amended Schedule identified the note and mortgage which evidenced the debt as being executed on September 8, 1987, and stated that the security for the obligation was valued between $27,500.00 to $79,000.00. The Amended Schedule further noted that the regular payment on the debt was $1,056.21 per month.

The Debtor's original plan filed on June 19, 1989 treated the creditor as a Class IV secured creditor secured by the Debtor's apartment building at 3848 Euclid Avenue, East Chicago, Indiana with payment in the

sum of $27,500.00 as a secured claimant and $9,705.62 to be paid to the creditor as an unsecured Class VI creditor.

The Debtor's amended plan filed on October 16, 1989, again treated the creditor as a Class IV secured creditor secured by the Debtor's apartment building at 3848 Euclid Avenue, East Chicago, Indiana. The amended plan proposed that the real estate be surrendered to the creditor and any deficiency be paid as a Class VI creditor.

On September 21, 1989, or before the bar date to file claims, the creditor filed a timely objection to confirmation of the Debtor's original chapter 13 plan of reorganization alleging generally it was a "secured creditor" of the Debtor, and objected to the confirmation of the Debtor's plan on the grounds that "the fair market value of Gainer Bank, National Association collateral is greater than alleged by Debtor(s)". The objection does not set out the nature of the instrument of indebtedness by the debtor to the creditor, the date thereof, the original amount thereof, or the balance allegedly due and owing by the Debtor to the creditor, nor does it specifically demand payment. The court set a pre-hearing conference on the creditor's objection to confirmation for October 31, 1989; however, as noted previously prior to that time, on October 16, 1989, prior to the bar date to file claims, and after the creditor filed its objection to confirmation.

On October 17, 1989, the court mailed an Order and Notice of Debtor's First Petition to Modify Chapter 13 plan Prior to Confirmation to the debtor's attorney for service to all creditors. This notice provided that any objections to the debtor's Petition had to be filed with the Clerk's office prior to November 6, 1989. On October 26, 1989, debtor's counsel filed a certificate of service showing that the notice was mailed to all creditors on October 19, 1989. On November 21, 1989, the court entered an Order regarding First Pre–Confirmation Amendments of Chapter 13 Plan and fixing time to Object Thereto. Said order was served by the debtor on all creditors and fixed the time for filing objections as December 11, 1989.

On November 21, 1989, or one day after the bar date to file claims, the creditor filed a Motion for Order Granting Relief from the Automatic Stay. Said motion had attached as exhibits the note and security agreement allegedly executed by the Debtor in favor of the creditor on September 8, 1987. The motion alleged that the debtor was in default and owed the creditor the amount of $35,646.93, plus interest, and alleged that the amount of the debt exceeded the value of the security. The motion also stated that the debtor's plan proposes to surrender the collateral to the creditor.

The creditor also filed its Application for an Order Authorizing Abandonment and Notice thereof to all creditors on November 21, 1989. Said application included the same information outlined above in the Motion for Stay Relief. The notice provided that any objections to abandonment must be filed with the Clerk prior to December 11, 1989.

The Court on November 27, 1989 entered an Order for a Pre–Hearing Conference, which set the creditor's Motion for Relief from the Automatic Stay for a Pre–Hearing Conference on December 19, 1989. The Court also set the creditor's Motion for Abandonment on the same date. As a result of the prehearing held on December 17, 1989, debtor's counsel and counsel for the creditor notified the court that an agreed order authorizing abandonment and relief from the automatic stay would be submitted by counsel. Said stipulation was filed with the court on January 3, 1990.

The court confirmed the debtor's amended plan of reorganization on January 16, 1990, after a confirmation hearing was held on that same date.

On March 9, 1990, the Court entered orders granting the creditor's motion for relief from the automatic stay as to the real estate securing the debtor's obligation to the creditor, and authorizing the abandonment of the property from the bankruptcy estate.

On December 14, 1990, the debtor filed a Second Amended Plan. This Second Amended Plan did not change the treatment of the creditor's claim.

## III

### DISCUSSION

No objection was made by counsel to the jurisdiction of this Court as to this matter, the Court finds jurisdiction to be present, and that this contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (L).

The Trustee's brief notes that the filing and allowance of a proof of claim is controlled by Bankr.Rules 3001 and 3002 and 11 U.S.C. §§ 501 and 502.

Section 501 of title 11 provides as follows:

(a) A creditor or an indenture trustee *may file a proof of claim.* An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

(d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

The Code does not set out the time limits for filing a claim. The Bankruptcy Rules set the time limits, the form, and the procedure for filing claims, which will determine whether claims are timely or tardily filed. *See,* Norton Bankruptcy Law and Practice, Bankruptcy Code, *Legislative History and Comments,* § 501(a) (Callaghan & Co.).

Section 502(a) provides as follows:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

Bankruptcy Rule 3001(a) through (d) and (f) provides as follows:

(a) Form and Content. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim for wages, salary, or commissions shall conform substantially to Official Form No. 20 or No. 21; any other proof of claim shall conform substantially to Official Form No. 19.

(b) Who May Execute. A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

(c) Claim Based on a Writing. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(d) Evidence of Perfection of Security Interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

\*　　\*　　\*　　\*　　\*　　\*

(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Bankruptcy Rule 3002(c) provides as follows:

(c) Time for Filing. In a chapter 7 liquidation or *chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code,* except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of

234234

**234**

the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed. (Emphasis supplied).

The procedure under Bankr.R. 3002(c) as to the time for filing claims, which is only applicable to Chapters 7 and 13 must be compared with the procedure for the time for filing claims under Bankr.R. 3003(c)(3) which is only applicable to Chapters 9 and 11, and which provides as follows:

(3) **Time for Filing.** The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

It has been held that the mere notice of a claim alone is not to be called an informal claim and does not excuse the absence of a proper timely proof the law requires. An informal claim may be asserted, if it can be at all, only when that creditor intends to seek recovery from the estate, and when the informal claim is "filed" prior to the bar date. *In re International Horizons, Inc.,* 751 F.2d 1213, 1217 (11th Cir.1985), *quoting, In re Wilkens,* 731 F.2d 462, 465 (7th Cir.1984) ("The general rule is that a claim arises when the creditor evidences an intent to assert its claim against the Debtor, mere knowledge of the existence of the claim by the Debtor, Trustee, or Bankruptcy Court is insufficient.").

■ The great weight of authority requires a written instrument for an informal claim to exist. *In re Pernie Bailey Drilling Co., Inc.,* 105 B.R. 357, 359 (Bankr. W.D.La.1989) (collecting cases).

■ Knowledge by the Debtor of the creditor's claim, standing alone, will not be a sufficient basis upon which to allow the filing of an amended claim. *In re W.T. Grant Co.,* 53 B.R. 417, 422 (Bankr. S.D.N.Y.1985) (collecting cases).

■ It has been held by numerous courts that for a document to constitute an informal proof of claim, it must make explicit demand showing the nature and amount of the claim against the estate, and must evidence an intent to hold the estate liable. *In re Anderson Walker Industries, Inc.,* 798 F.2d 1285, 1287 (9th Cir. 1986) (letter from creditor to trustee that unambiguously stated existence and amount of debt, that creditor had not been paid, and attached invoice constituted amendable informal proof of claim); *Accord: In re Charter Co.,* 876 F.2d 861, 863–64 (11th Cir.1989); *citing, Sun Basin Lumber Co. v. United States,* 432 F.2d 48 (9th Cir.1970), where the Court held that an objection to a trustee's petition to sell property by a secured creditor constituted an informal claim; *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 815 (9th Cir. 1985); *In re Daystar of California Inc.,* 122 B.R. 406, 408–10 (Bankr.C.D.Cal.1990); *In re Nutri\*Bevco, Inc.,* 117 B.R. 771, 789 (Bankr.S.D.N.Y.1990); *In re Inslaw, Inc.,* 113 B.R. 802, 812 (D.C.1989); *Matter of Dingleman,* 107 B.R. 100, 101 (Bankr. E.D.La.1988); *In re Pernie Bailey Drill-*

*ing Co., Inc.,* 105 B.R. 357, 359 (Bankr. W.D.La.1989); *In re Bowers,* 104 B.R. 362, 363–64 (Bankr.D.Colo.1989); *In re Chicoine,* 97 B.R. 30, 31 (Bankr.D.Mont.1988); *In re Murchison,* 85 B.R. 37, 40–41 (Bankr. N.D.Tex.1987); *In re Mitchell,* 82 B.R. 583, 586 (Bankr.W.D.Okla.1988); *In re Sherret,* 58 B.R. 750, 751 (Bankr.W.D.La.1986); *In re W.T. Grant Co.,* 53 B.R. 417, 421 (Bankr.S.D.N.Y.1985); *Compare, In re A.H. Robins Co., Inc.,* 118 B.R. 436, 439 (Bankr.E.D.Va.1990) (at a minimum the proof of claim must contain a demand against the debtor).

■ On the other hand, it has been held that there is no requirement that an informal proof of claim subject to amendment following the claims bar date must include a writing by the creditor setting forth the *specific amount* of the claim. *In re Smith,* 100 B.R. 293, 296 (D.S.C.1989); *In re Joiner,* 93 B.R. 130, 133–34 (Bankr. N.D.Ohio 1988).

■ It has also been held that the mere filing of a document in the bankruptcy court, or in some other forum, or an informal communication by a creditor to a debtor relating to its claim prior to bar date will not necessarily suffice as an informal claim that is capable of amendment subsequent to the bar date; the document must evidence an intent on the part of the claimant to hold the debtor liable for that claim. *See e.g., In re South Atlantic Financial Corp.,* 767 F.2d 814, 819 *cert. den., Biscayne 21 Condominium, Inc. v. South Atlantic Financial Corp.,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (mere scheduling of a creditor's claim by debtor, nor notice of an appearance of attorney for creditor does not constitute amendable informal claim); *Liakas v. Creditor's Committee of Deja VU Inc.,* 780 F.2d 176, 178 (1st Cir.1986) (conversations by creditor with counsel for creditor's committee not an informal claim where there was no evidence that claimant presented any written instrument that could be construed as a claim); *In re FRG, Inc.,* 121 B.R. 710, 713–14 (Bankr.E.D.Pa.1990) (mere filing of litigation in nonbankruptcy forum is not sufficient action to constitute an informal

claim); *In re Hugh Menefee, Inc.,* 121 B.R. 51, 55 (Bank.D.Hawaii 1990) (Schedules prepared by debtor's sole stockholder did not constitute claim by stockholder); *Matter of Dewey Beach Enterprises, Inc.,* 110 B.R. 681, 684 (Bankr.D. Del.1990) (oral communications between counsel for creditor and debtor did not constitute informal proof of claim); *In re Nutri*Bevco Co.,* 117 B.R. at 789, *supra,* (mere awareness by debtor of creditor's claim through telephone conversations and general correspondence insufficient); *In re Nash,* 87 B.R. 175, 176–77 (Bankr.S.D.Ala.1988) (creditor's motion to examine chapter 13 debtors did not constitute informal proof of claim when motion did not address the nature and amount of the claim).

■ On the other hand, several cases have held that the filing of a document with the court such as a complaint objecting to discharge, a motion for stay relief, or an objection to confirmation may constitute an informal claim. *See e.g., In re Charter Co.,* 876 F.2d at 864–66, *supra,* (motion for stay relief); *In re Sambo's Restaurants, Inc.,* 754 F.2d at 815–16, *supra,* (wrongful death complaint in United States District Court together with correspondence and joint motion with debtor to transfer case to Bankruptcy Court constituted amendable informal proof of claims noting a mere liberal approach that the Seventh Circuit in *In re Evanston Motor Co.,* on the issue of intent to file a claim, 735 F.2d 1029 (7th Cir.1984); *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1381–82 (9th Cir.1985) (complaint for stay relief together with other documents filed by creditor constituted amendable, informal claim); *In re Gateway Investments Corp.,* 114 B.R. 784, 786–88 (Bankr.S.D.Fla.1990) (motion for stay relief coupled with admission in deposition and other documents filed with the court); *In re Wilbert Winks Farm, Inc.,* 114 B.R. 95, 97 (Bankr.E.D.Pa.1990) (involuntary bankruptcy petition filed by creditor); *In re Joiner,* 93 B.R. 130 (Bankr. N.D.Ohio 1988) (objection to confirmation of chapter 13 plan, *citing,* eight cases where any objection to confirmation in a chapter 13 case was effective as an infor-

mal claim); *In re Ungar*, 70 B.R. 519, 521–23 (Bankr.E.D.Pa.1987) (objection to confirmation of chapter 13 plan, held to be informal claim which could be subsequently amended though creditor had failed to state amount due in objection declining to follow *In re Stewart*, 46 B.R. 73 (Bankr. D.Ore.1985) and *In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985)); *In re Holywell Corp.*, 68 B.R. 203, 204–05 (Bankr.S.D.Fla.1986) (motion for stay relief could constitute informal claim, but not when filed after bar date); *Matter of Scott*, 67 B.R. 1011, 1013 (Bankr.M.D.Fla.1986) (complaint objecting to discharge and objection to confirmation); *In re Casterline*, 51 B.R. 219, 220 (D.Colo.1985) (objection to confirmation of chapter 13 plan); *In re Sullivan*, 36 B.R. 771, 772 (Bankr.E.D.N.Y. 1984) (complaint objecting to discharge and objection to confirmation in chapter 13). *Cf., In re Mitchell*, 82 B.R. 583, 586 (Bankr.W.D.Okla.1988) (prebar motion for stay relief held not an informal claim where motion did set forth nature of claim and amount, but did not evidence intent to hold estate liable); *In re Stewart*, 46 B.R. 73, 76–77 (Bankr.D.Oregon 1985) (Document which objected to confirmation, but did not indicate nature or amount of claim did not constitute informal proof of claim).

The Trustee's brief argues that in order for a filing to constitute an "informal" proof of claim it must "conform substantially" to Official Form No. 19. Official Form No. 19 requires:

1) Name of claimant (and if corporation, the capacity and authority of signatory).
2) The amount of the debt at the time of filing.
3) The consideration for the liability.
4) Attachment of writing upon which liability is based.
5) Statement regarding whether or not a judgment has been entered on the claim.
6) Recitation of payments made and credited and deducted.
7) A statement regarding security, or that the claim is a general unsecured claim.[1]

The trustee notes that the creditor's objection to the confirmation of the debtor's plan does not include a statement containing the amount of the claim, the consideration for the claim, an attachment of the note, a statement of whether a judgment had been entered, a recitation of payments and deductions or a statement regarding set-off. The trustee argues that an "informal claim" must contain the information that a formal proof of claim would provide, *citing Sambo's Restaurants, Inc. v. Wheeler*, 754 F.2d 811 (9th Cir.1985); *In re WPRV–TV, Inc.*, 102 B.R. 234 (Bankr. E.D.Okla.1989).

*Sambo's* sets forth the position of the Ninth Circuit Court of Appeals in reference to the requirements for an informal proof of claim. The court wrote:

> For these documents to constitute and informal proof of claim, they must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable. *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir. 1979) (per curiam) *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980).

*Sambo's Restaurants*, 754 F.2d at 815.

In *WPRV–TV* the court stated:

> The use of the Official Forms has generally been held subject to a "rule of substantial compliance" and some of these rules, for example Rule 1002, specifically state that the filed document need only "conform substantially" to the Official Form. See also Rule 9005.
> Bankruptcy Rule 9005 provides as follows:
> Rule 61 FR Civ P applies in cases under the Code. When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights.

---

1. Any Official Form is subject to Bankr.R. 9009 which provides as follows:

    The Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code.

    The 1983 Advisory Committee Notes to Bankruptcy Rule 9009 state in part as follows:

The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor. This concept, however, must be tempered by what this Court believes to be one of the paramount reasons for forcing filing by a date certain of a Proof of Claim for creditors whose claims are disputed in a Chapter 11 bankruptcy, the necessity of informing the DIP and all creditors and potential Plan proponents of all claims pending against the estate so that a Plan may be formulated with definiteness and certainty and allow creditors to determine their proportionate share of the distribution. Without enforcement of the Bankruptcy Rules in this area, the debtor would forever be battling the claims of creditors without resolution and other Plan proponents would be unduly delayed, thus denying other creditors a timely distribution.

*Id.* 102 B.R. at 238. The trustee further cites *In re A.H. Robins, Co.*, 118 B.R. 436, 440 (Bankr.E.D.Va.1990) in arguing that the pleadings filed by the creditor do not meet the minimal standards for an informal proof of claim.

The Ninth Circuit continued its analysis of what constitutes an informal claim in *In re Anderson–Walker Indus., Inc.*, 798 F.2d 1285 (9th Cir.1986) where it stated:

Our cases have consistently applied the "so called rule of liberality in amendments" to creditors' proofs of claim. *Franciscan Vineyards*, 597 F.2d at 182 (*quoting In re Patterson–MacDonald Shipbuilding Co.*, 293 F.190, 191 (9th Cir.1923)). For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable. *Sambo's*, 754 F.2d at 815.

The reason for this "liberal" rule is elemental. Bankruptcy courts are courts of equity, and must assure "that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939); *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985). The "liberal" rule reflects our preference for resolution on the merits, as against strict adherence to formalities.

In *Sun Basin*, 432 F.2d 48, a secured creditor did not filed a formal proof of claim within the statutory period, but did file an objection to the trustee's petition to sell the property subject to his lien. We held that the creditor's objection, filed within the statutory period, "fairly reflect[ed]" the existence of a claim against the bankrupt, and hence was a valid and amendable informal proof of claim. *Id.* at 49. We stated: "Here the intention to collect from the estate was implicit in the recitations that the debt existed, that it was past due, that [the creditor] proposed to realize on the security, that the amount due exceeded the security's market value, and that the bankrupt was obligated to pay the anticipated deficiency." *Id.*

In *Franciscan Vineyards*, 597 F.2d 181, we followed *Sun Basin* and ruled for the creditor on facts similar to this case. There, the bankrupt owed the County of Napa ("County") tax arrearages. The County did not file a formal proof of claim within the statutory period, but did send a letter to the Trustee enclosing two tax bills and stating: "The assessments are against the old Franciscan Vineyards, and we understand you are handling their affairs." *Id.* at 182 n. 1. The County argued that the letter constituted an amendable informal proof of claim. We emphasized that a creditor need not show that the document was a proof of claim. Rather, the creditor need only show "that a demand [was] made against the estate, and must show the creditor's intention to hold the estate lia-

ble." *Id.* at 183 (*Quoting In re Hotel St. James Co.*, 65 F.2d 82, 83 (9th Cir.1933)). We also stated that the Trustee must read and "reasonably construe" the documents sent by a creditor. *Id.* We held that the County's letter sufficiently described the debt and implicitly expressed an intention to collect from the bankrupt. *Id.*, 798 F.2d at 1287–88. Following this analysis, the court in *In re Holm*, 931 F.2d 620 (9th Cir.1991), found that a disclosure statement constituted an informal proof of claim where said statement was filed by a judgment creditor prior to the bar date. The disclosure statement was an informal proof of claim, amendable after the bar date, because it made an explicit demand against the estate to pay the claim, indicated that the creditor intended to hold the debtor liable for the debt and stated that the nature of the claims was a state court judgment in the amount of $232,960.00. *Id.* 931 F.2d at 623.

The creditor argues that the court in *In re Sinykin*, 37 B.R. 688 (Bankr.D.Minn. 1983), allowed an objection to confirmation to serve as an informal proof of claim. The creditor has also cited *In re Lipman*, 65 F.2d 366, 368 (2d Cir.1933), for the proposition that an informal proof of claim need not meet all the requirements of a formal proof of claim. The creditor argues that it is sufficient that an informal proof of claim show a demand against the estate and the creditor's intention to hold the estate liable, *citing, In re Thompson*, 227 F. 981, 983 (3d Cir.1915); *In re Gibralter Amusements Ltd.*, 315 F.2d 210, 215 (2d Cir.1963); *accord In re Lipman, supra* at 368; *In re Guardian Mortgage Investors*, 15 B.R. 284, 285 (M.D.Fla.1981).

The creditor notes that *In re McCoy Management Services, Inc.*, 44 B.R. 215, 217 (Bankr.W.D.Ky.1984); and *In re Joiner*, 93 B.R. 130, 132 (Bankr.N.D.Ohio 1988) suggest a five-prong test to determine whether a pleading constitutes an informal proof of claim. This test requires: 1) the informal proof must be in writing; 2) the writing must contain a demand on the debtor's estate; 3) the writing must express the intent to hold the debtor liable; 4) the writing must be filed with the Bankruptcy Court, and 5) based on the facts of the case, it must be equitable to allow the informal proof to be amended by a formal proof of claim.

Consistent with the above test, the creditor argues that an informal proof of claim need not state the *amount* of the claim, *citing In re Ungar*, 70 B.R. 519, 523 (Bankr.E.D.Pa.1987), because the pleading which constitutes the informal proof of claim should show that the creditor intends that the debtor be held liable for *any* amount due it. The creditor argues that the informal proof of claim may later be amended to add this information, noting that the courts have frequently allowed creditors to amend their proof of claim after the bar date to increase the amount of the claim so long as the creditor is not seeking to assert a new claim. *In re Midyett and May Construction Co.*, 272 F.2d 121 (10th Cir.1959), *cert denied* 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); *In re Ungar*, 70 B.R. 519, *supra; In re Midwest Teleproductions Co., Inc.*, 69 B.R. 675 (Bankr.N.D.Ohio 1987); *In re Joiner*, 93 B.R. at 134, *supra.*

The creditor concludes:

The facts in the instant case strongly support the allowance of Gainer Bank's informal claim and the amendment to that claim. The facts show that Gainer's debt was scheduled, and that a timely filed objection to confirmation evidenced Gainer's intention to hold the debtor responsible for this debt. In addition the debtor further acknowledged his debt to the Bank by amending his plan to resolve Gainer's objection to confirmation. Furthermore, Gainer made clear its intention to hold the debtor responsible for this debt to the Court, the debtor, debtor's counsel and the trustee by the filing of both an objection to confirmation and an application for relief from stay and abandonment. Finally, the failure to file a timely original proof of claim was due to excusable neglect on the part of creditor's counsel in that a clerical error caused counsel's records to falsely show

that a claim had already been filed before the bar date.

*Gainer's Brief* at 4–5.

In regard to the creditor's argument that the late filed claim in a Chapter 13 case should be allowed based on the excusable neglect, this court in *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990) stated as follows:

"The procedure under Bankr.R. 3002(c) as to the time for filing claims, which is only applicable to Chapters 7 and 13 must be compared with the procedure for the time for filing claims under Bankr.R. 3003(c)(3) which is only applicable to Chapters 9 and 11, ..."

\* \* \* \* \* \*

"It is also noted that Bankr.R. 9006(b) and (c) provide as follows:"

(b) Enlargement.

(1) IN GENERAL. *Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required* or allowed *to be done at or within a specified period by these Rules* or by a notice given thereunder or by order of court, *the court for cause shown may at any time in its discretion* (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

(2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 7052, 9015(f), 9023, and 9024.

(3) ENLARGEMENT LIMITED. *The court may enlarge the time for taking action under Rules* 1006(b)(2) *3002(c),* 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*

(c) REDUCTION.

(1) IN GENERAL. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

(2) REDUCTION NOT PERMITTED. *The court may not reduce the time for taking action under Rules* 2002(a)(4) and (a)(8), 2003(a), *3002(c),* 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 8002, and 9033(b).

"Thus, the provisions of Bankr.R. 9006(b)(1) relating to a motion filed after the expiration of a specified time to permit an act to be done where the failure to act was the result of excusable neglect is expressly limited by Bankr.R. 9006(b)(3) as it relates to Bankr.R. 3002(c) governing the time for filing claims. Bankruptcy rule 3002(c) has no provision providing for the enlargement of the time for filing Chapter 7 or Chapter 13 claims except as expressly set out therein in subsections (c)(1) through (c)(6). On the other hand, enlargement of time under Bankr.R. 3003(3) is not prohibited by Bankr.R. 9006(b)(3), and is thus governed by Bankr. 9006(b)(1) which allows a late filing upon the showing of excusable neglect."

"The Debtor in his objection asserts there is no basis for extending the time for filing claims beyond the bar date set by the Court pursuant to Bankr.R. 3002(c), and that this bar date cannot be enlarged pursuant to Bankr.R. 9006(b)(3). The Debtor's objection further asserts that in *In re Wilkens,* 731 F.2d 462 (7th Cir.1984) it was held that the period for the filing of claims in a Chapter 13 is generally treated as a statute of limitations not subject to extension by the Bankruptcy Court."

\* \* \* \* \* \*

"The Debtors Summary of Argument also asserts that the weight of authority treats the filing period as mandatory and immutable, is generally treated as a statute of limitations, and is not subject to extension by the bankruptcy court, again *citing, Wilkens,* 731 F.2d at 464, *supra; In re Furrer,* 67 B.R. 654, *supra; In re Chirillo,*

84 B.R. 120 (Bankr.N.D.Ill.1988); *In re Street,* 55 B.R. 763, 766 (B.A.P.9th Cir. 1985)."

"The Bank asserts that in both Chapters 11 and 13, an extension of time to file a claim is proper as to a creditor who is not notified of the case, and the failure to file a claim is due to a lack of notice of a deadline, *citing, In re Yoder Company,* 758 F.2d 1114 (6th Cir.1985) (Chapter 11 case); *In re Barnett,* 42 B.R. 254 (Bankr.S.D.N.Y. 1984) (Chapter 13 case), *citing, Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *In re Moskowitz,* 35 B.R. 750 (S.D.N.Y. 1983) (Chapter 11 case). It is noted that in the *Barnett* case, the creditor was not scheduled and received *no official or actual notice* of the bar date to file a claim."

"The Bank thus asserts that the fact that it had notice of the bankruptcy itself does not constitute sufficient substitution for proper notice as to the bar date to file a claim."

"The Debtor in his objection asserts there is no basis for extending the time for filing claims beyond the bar date set by the court pursuant to Bankr.R. 3002(c), and that this bar date cannot be enlarged pursuant to Bankr.R. 9006(b)(3). The Debtor's objection further asserts that in *In re Wilkens,* 731 F.2d 462 (7th Cir.1984), it was held that the period for the filing of claims is generally treated as a statute of limitations not subject to extension by the Bankruptcy Court. The *Wilkens* court state as follows:"

> We must first determine what procedures govern the filing of claims by unsecured creditors in a chapter 13 proceeding. Section 501 of the Bankruptcy Reform Act of 1978 generally permits the filing of proofs of claim, but provides no time limits for the filings. However, the legislative history of that section states that "[t]he Rules of Bankruptcy Procedure will set out the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed." H.R. No. 95–595, 95th Cong. 1st Sess. (1977) 351; S.R. No. 95–989, 95th Cong.2d Sess. (1978) 61, U.S.

Code Cong. & Admin. News 1978, pp. 5787, 5847, 6307. Since the suggested interim bankruptcy rules and local bankruptcy rules fail to address the question of time limits on filings, the Rules of Bankruptcy Procedure under the Bankruptcy Act of 1898 control. *In re Seminole Backhoe Services, Inc.,* 33 B.R. 914, 916 (Bkrtcy.1983). *But cf. In re Corbett,* 27 B.R. 442 (Bkrtcy.1983).

Rule 13–302(e)(2) deals with the time for filing proofs of unsecured claims in chapter 13 proceedings. The rule provides, in relevant part: "Unsecured claims. Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors...." R.Bankr.P. 13–302(e)(2). The advisory committee note explains that the language "of subdivision (e) is adapted from § 57n of the Act [11 U.S.C. § 93n (repealed)] and retains the time limits on the filing of claims established by the statutory provisions."

Cases construing the rule and statute treat the six-month filing period as a statute of limitations not subject to extension by the bankruptcy court. *In re Ebeling,* 123 F.2d 520 (7th Cir.1941); *In re Pigott,* 684 F.2d 239 (3rd Cir.1982). While the weight of authority treats the period as mandatory and immutable, a minority of courts have left open the possibility that they could exercise their equitable powers to enlarge the time for filing, given "sufficient" cause. Under this view, an equitable extension of time can be granted (1) if the fraud of a debtor prevents the timely filing by a creditor; (2) the creditor fails to receive notice of the proceedings; or (3) other extraordinary circumstances arise. Courts do not, however, permit late filing necessitated by the negligence of a creditor's attorney.

The sole explanation offered by appellee for its late filing was that counsel "relocated his office ... and in the process inadvertently filed this matter with his closed files prior to the filing of the claim...." Appellee does not allege fraud on the part of the debtor, nor does

it, or could it, argue lack of notice or other extraordinary circumstances. We therefore need not decide whether the bankruptcy court had discretionary authority to extend the filing period for appellee, for even assuming that a bankruptcy court possesses an equitable power to permit a late filing, that power should not be exercised here. At most it should be used in limited circumstances to prevent an unfair result which arises through no fault of the party seeking equity. *In re Seminole Backhoe Services, Inc.*, 33 B.R. at 918. Here appellee explains its tardy filing by pointing to the neglect of its counsel. Such an excuse fails to justify an extension of time regardless of the scope of the court's equitable discretion. The bankruptcy court thus abused whatever discretion it might have had, if any, in extending the filing period for appellee.

"*Id.* at 463–64 (Footnotes omitted)."

"Although the *Wilkens* case was decided under Rule 13–302(e)(2), the predecessor to the present Bankr.R. 3002(c), this Court concludes that the holding in *Wilkens* is still applicable under the present Bankruptcy Rules."

"The court also agrees with the conclusion reached by the court in *In re Chirillo*, 84 B.R. 120 (Bankr.N.D.Ill.1988). In this Chapter 13 case the creditor was not scheduled as a creditor, and did not receive official written notice from the Bankruptcy Clerk of the petition or of the first meeting of creditors setting the time to file claims; nor did it ever received any actual notice of the bankruptcy. The creditor moved for leave to file a claim more than 33 months after the bar date when it first learned of the bankruptcy. The court denied the claim as untimely based on the trustee's objection and stated as follows:"

"The basic issue before the court is whether in a Chapter 13 case, a proof of claim may be filed after the 90–day bar date of Bankruptcy Rule 3002(c). Although Section 501 of Title 11 governs the filing of proofs of claim, the time limits for filing such proofs are set by Rule 3002(c). The rule provides that in a Chapter 13 case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to section 341(a) of the Code. The rule lists six exceptions to the 90–day bar date, none of which apply in the present case."

"The discretion of the bankruptcy court to extend the bar date provided in Bankruptcy Rule 3002(c) is limited by Bankruptcy Rule 9006(b)(3). That rule provides that the court may enlarge the time for taking action under Rule 3002(c) only to the extent and under conditions stated in that rule. Because the exceptions of Rule 3002(c) do not address failure of a debtor to give notice, a simple application of the language of the rules suggests that the 90–day time limit is an absolute bar to the filing of proofs of claim in the circumstances of this case."

"Case law supports this construction. Former Bankruptcy Rule 302(e) contained the same type of bar date as present Rule 3002(c); the only difference is that the former rule allowed six months from the first meeting of creditors instead of 90 days. *See In re Brown*, 73 B.R. 740, 742 (Bkrtcy. W.D.Wis.1987). The weight of authority treated the six-month time limit in the former rule as mandatory and immutable to an absolute bar to late-filed claims.[2] Cases construing Rule 3002(c) similarly treat the 90–day period as a statute of limitations not subject to extension by the bankruptcy court.[3]"

"Even where the equities have weighed strongly in favor of extending the time period, the strict time limits have been upheld. *See In re Pigott*, 684 F.2d 239, 243 (3d Cir.1982). The cases hold that the time limits are dictated by the bankruptcy rules and are necessary to insure the swift distribution of the bankruptcy estate. *See In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn.1983). *See also In re Owens*, 67 B.R. 418, 423 (Bkrtcy.E.D.Pa.1987) ("[E]ven if so inclined, a bankruptcy court has no equitable power to extend the deadline for filing proofs of claim.")"

"The point is perhaps most forcefully made in the case of *In re International Resorts, Inc.,* 74 B.R. 428, 429 (Bkrtcy. N.D.Ala.1987). This case involved a creditor in a situation quite similar to Central's. The creditor was not listed in the debtor's schedules, and did not receive a notice of the first meeting of creditors or the information concerning the filing of proofs of claim. The court noted that:"

"The inherent equity powers of the bankruptcy court ... are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but ... courts have generally withstood the temptation even in situations in which the equities of the case ... spoke strongly in favor of equitable relief."

"74 B.R. at 429–30. The court then addressed the specific statutory time limitations in filing proofs of claim, and noted that:"

"Under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress."

"74 B.R. at 430. In upholding the trustee's objection to the untimely filed claim, the court acknowledged that the creditor would never have any means of collecting its judgment after distribution by the trustee of the funds in the defunct corporation's case. 74 B.R. at 430."

"It might be that such a result, in some cases, could constitute a denial of due process, depriving the creditor of its interest in property (a share in the debtor's estate) without an opportunity to be heard. That, however, is not the situation in the present case. If Central in fact had no notice of the pendency of this case in time to file a timely proof of claim, its claim is not dischargeable. 11 U.S.C. § 523(a)(3). Thus, at the conclusion of the debtor's case whether by dismissal prior to completion of the plan, or by discharge at its completion, Central would be able to assert its claim."

----

2 *See Wilkens v. Simon Brothers,* 731 F.2d 462, 464 (7th Cir.1984); *In re Pigott,* 684 F.2d

239, 242 (3d Cir.1982); *In re Fleming Construction Corp.,* 63 B.R. 392, 393 (E.D.Pa.1986); *In re Good News Publishers, Inc.,* 33 B.R. 125, 126 (M.D.Tenn.1983); *In re International Resorts, Inc.,* 74 B.R. 428, 430 (Bkrtcy.N.D.Ala.1987); *Matter of Grocerland Coop, Inc.,* 32 B.R. 425, 426 (Bkrtcy.N.D.Ill.1983); *In re Brown,* 27 B.R. 771, 773 (Bkrtcy.N.D.Ill.1983); *In re Francis,* 15 B.R. 998, 1004 (Bkrtcy.E.D.N.Y.1981); *In re Foster,* 11 B.R. 476, 477 (Bkrtcy.S.D.Cal.1981).

3 *See Matter of Brown,* 73 B.R. 740, 742 (Bkrtcy.W.D.Wis.1987); *In re Stern,* 70 B.R. 472, 474 (Bkrtcy.E.D.Pa.1987); *In re Owens,* 67 B.R. 418, 423 (Bkrtcy.E.D.Pa.1987); *In re Key,* 64 B.R. 786, 788 (Bkrtcy.M.D.Tenn.1986); *In re Street,* 55 B.R. 763, 766 (Bkrtcy.App. 9th Cir. 1985); *In re Ryan,* 54 B.R. 105, 106 (Bkrtcy. E.D.Pa.1985).

*Id.* at 121–122 (Only footnotes 2 and 3 included).

Bankruptcy Rule 3002(c) is thus an absolute bar to claims filed after 90 days where none of the exceptions set out therein are applicable. *See, In re Tomlan,* 102 B.R. 790, 791–92, N. 1 (E.D.Wash.1989); *In re Wilt,* 84 B.R. 480 (Bankr.N.D.Ohio 1988); *In re Ungar,* 70 B.R. 519 (Bankr.E.D.Pa. 1987); *In re Furrer,* 67 B.R. 654 (Bankr. E.D.Wis.1986); *In re Street,* 55 B.R. 763 (9th Cir.B.A.P.1985); *In re Schneider,* 51 B.R. 196 (D.Colo.1984); *In re Grigelevich,* 81 B.R. 3 (Bankr.D.R.I.1987).

The six exceptions set out in subsections (1) through (6) of Bankr.R. 3002(c) are inapplicable in the case *sub judice,* as the court may only extend the bar date in accordance with the exceptions thereunder. *In re Wharry,* 91 B.R. 31 (Bankr.N.D.Ohio 1988) (Chapter 12 case adapting Chapter 13 rules).

Thus, the Court has no power to enlarge the time to file Chapter 13 claims, and the claim of the Bank must be denied as untimely inasmuch as its late claim does not fall within one of the six express exceptions found in Bankr.R. 3002(c).

*Id.* 111 B.R. at 213–17.

█ Therefore, the court in this case may consider the extension of time for filing a proof of claim in a chapter 13 case only if the *request therefore is filed within the time limits for filing a proof of claim.* The court may not consider excusable neglect as a rationale for enlarging the bar

date to file claims when a motion to do so is filed after the bar date.

However, the United States Court of Appeals for the Seventh Circuit in *In re Wilkens*, 731 F.2d 462 (7th Cir.1984), which was cited by this court in *In re Glow*, 111 B.R. 209, *supra*, stated the following regarding an "informal" claim:

Appellee may nevertheless be able to participate in the chapter 13 plan. If appellee made an informal claim within the six-month period, the late filing can be treated as a perfecting amendment. *Hutchinson v. Otis*, 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903); *Converse v. Sullivan*, 194 F.2d 995 (7th Cir. 1952); *In re Ebeling*, 123 F.2d at 521. The question becomes what actions are sufficient to constitute an informal proof amenable to later amendment and perfection. The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor. Mere knowledge of the existence of the claim by the debtor, trustee, or bankruptcy court is insufficient. *See, Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584 (9th Cir.1963); *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir.1957); *Tarbell v. Crex Carpet Co.*, 90 F.2d 683, 684 (8th Cir.1937); *Lacoe v. Delong*, 65 F.2d 82, 84 (9th Cir.1933); *In the Matter of Evanston Motor Co., Inc.*, 26 B.R. 998, 1000 (D.C.N.D.Ill.1983). A creditor can manifest its intent to hold a debtor liable in many ways, and the particular facts of a case will determine whether such a de facto claim has been made.

*Id.* 731 F.2d at 464–65.

■ Thus, although the Seventh Circuit recognizes that informal claims filed before the bar date may be amended after the bar date, no guidelines have been set down by the Seventh Circuit as to what constitutes a sufficient informal claim prior to the bar date in order to allow an amendment thereof after the bar date, and thus the determination must be made on a case-by-case basis looking at the specific facts of each case.

The Ninth Circuit Court of Appeals, in *In re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979), held that a letter sent by the county to the trustee in bankruptcy prior to the bar date for filing claims which included two tax bills for a parcel owned by the debtor was sufficient under the Act to supply the substance of a proof of claim to allow the county to amend the claim thereafter to supply additional information five months subsequent to the expiration of the time for filing a proof of claim. In following the rule of "liberality in amendments" the court found that 'Whether formal or informal, a claim must show that a demand is made against the estate, and must show the creditor's intention to hold the estate liable.' *Id., citing In re Hotel St. James Co.*, 65 F.2d 82, 83 (9th Cir.1933). The court stated: "The point simply is that 'there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim.' " *Id., citing Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963).

The United States Court of Appeals for the Seventh Circuit in *Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029 (7th Cir. 1984) addressed the issue of what constitutes the erroneous filing of an informal claim in a chapter 7 case which had been converted from one under chapter 11. In *Evanston*, the creditor received a letter from the trustee requesting that the creditor provide him with documentation as to its claim. The creditor responded with a letter to the trustee spelling out in detail the nature and amount of its claim. The creditor did not file a formal proof of claim. The Bankruptcy Court granted the creditor's motion to allow the claim. The trustee appealed, and the District Court reversed. In affirming the District Court's decision the Seventh Circuit stated:

Filing a proof of claim is a prerequisite to the allowance of a creditor's claim. Fed.R.Bankr.P. 302(a). Proofs of claim "must be filed within six months after the first date set for the first meeting of creditors...." Fed.R.Bankr.P. 302(e). After a bankruptcy case has been re-

ferred, proofs of claim must be "filed with the referee unless otherwise directed by local rule or by order of the judge." Fed.R.Bankr.P. 506(a); Fed. R.Bankr.P. 302(b). In the present case, the bankruptcy court found the relevant facts to be without dispute and did not conduct an evidentiary hearing on FNBL's motion for allowance of claim. The bankruptcy court determined that FNBL's August 18, 1980 letter constituted an informal proof of claim within the meaning of Bankr.Rule 302(a). *In re Evanston Motor Co., supra,* 20 B.R. at [550] 553. The bankruptcy court then determined that there had been an "error in filing" within the meaning of Bankruptcy Rule 509(c) so as to permit FNBL's "claim" to be deemed filed as of the date the letter was delivered to the trustee. *Id.* at 554. Thus, the bankruptcy court concluded that FNBL's informal proof of claim was timely filed under Bankruptcy Rule 302(e) and allowed it to be amended.

On appeal, the trustee challenged the bankruptcy judge's findings on both issues. The district court concluded that the bankruptcy judge erred in his interpretation of the letter as a claim. Even if the bank's letter of August 18, 1980 were treated as a claim, however, the district court further determined that the bankruptcy court had improperly construed and applied Bankruptcy Rule 509(c). For purposes of this appeal, we accept the bankruptcy judge's determination that the August 18, 1980 letter may be interpreted as a proof of claim under all of the circumstances appearing before him. We agree with the district court, however, that the bankruptcy court erred in its construction and application of Rule 509(c).

\*    \*    \*    \*    \*    \*

This provision [Rule 509(c)] is "... an extension of the rule of practice prescribed in the last sentence of General Order 21(1) respecting proofs of claim delivered to the trustee." Fed. R.Bankr.P. 509(c), Advisory Committee Notes. The last sentence of General Order 21 provided that "Proofs of debt received by the trustee shall be delivered

to the referee to whom the case is referred." *See,* 4B Collier on Bankruptcy at 1535–36 (14th ed. 1978). Extension of the practice prescribed by General Order 21, however, must take into account the limiting language of the current rule. While the terms of Rule 509(c) extend prior practice to include "papers" rather than merely "proofs of debt" and deliveries to other persons in addition to the trustee, the rule also is limited to those situations where the paper was "intended to be filed" and to where the paper was "erroneously delivered" to rather than merely received by the trustee. Additionally, a finding that such a situation exists is not enough under Rule 509(c) to constitute a filing as of the date of the error: the court must also find it to be "in the interest of justice" to deem the paper timely filed. Thus, Rule 509(c) must be viewed more as a limitation on the prior practice under General Order 21 rather than a mere extension. A contrary view would give the Advisory Committee's general guidance greater vitality than the clear language of the rule itself.

The bankruptcy court found that FNBL "reasonably believed" its proof of claim had been properly filed. *In re Evanston Motor Co., supra,* 20 B.R. at 554. This finding is perhaps drawn from the bankruptcy judge's prior interpretation of the August 18, 1980 letter as meeting the requirements for a proof of claim. There is no specific finding, however, that FNBL intended the letter to be filed. Nor does the record indicate such an intent. More importantly, the bankruptcy court concluded that FNBL's proof of claim had been erroneously delivered to the trustee. *Id.*

That conclusion appears to have been based on the prior practice under General Order 21, *cf., J.B. Orcutt Company v. Green,* 204 U.S. 96, 102–03, 27 S.Ct. 195, 197–198, 51 L.Ed. 390 (1907), *with In re Evanston Motor Co., supra,* 20 B.R. at 553, and on an expansive view of the purpose of Rule 509(c). In contrast, the current practice dictated by Rule 509(c) requires a misdelivery. FNBL's letter of

August 18, 1980, however, was addressed solely to the trustee and delivered solely to the trustee. While the delivery of this proof of claim to the trustee may have resulted from an error in judgment, there was no erroneous delivery under the plain meaning of Rule 509(c). Because Rule 509(c) is not applicable in this case, FNBL's claim was not filed as required by Bankruptcy Rule 302(a) and is barred by Bankruptcy Rule 302(e). Accordingly, the decision of the district court is AFFIRMED.

*Id.,* 735 F.2d at 1031–32.[2] (footnotes omitted).

The Seventh Circuit's most recent decision in the area of Proof of Claims is, *In the Matter of Unroe,* 937 F.2d 346 (7th Cir.1991). In *Unroe,* a chapter 13 case, the debtor filed a plan listing both a 1982 and 1983 tax liability to the IRS. The bar date to file claims was January 6, 1987. The IRS filed a timely claim as to the 1982 taxes. However, as to the 1983 taxes, the IRS did not file a claim until March 12, 1987 styled as an "amendment" which asserted a priority claim for *1985* taxes. On January 20, 1988, the IRS filed a second "amendment" which corrected the date of the 1985 claim to 1983. On April 30, 1987, the Court confirmed the debtor's plan which provided for the payment of the 1982

and 1983 taxes to the IRS. The debtor then objected to the "amended" 1983 claim as untimely. The Bankruptcy Court overruled the debtor's objection (104 B.R. 77). The District Court affirmed. (119 B.R. 626). The Seventh Circuit affirmed the District Court and stated as follows:

B. *Filing of The IRS's Untimely Claim*

Unroe argues that the claim should not be permitted because (i) it is barred by Bankr.R. 3002(c)'s ninety-day time limit; (ii) the bankruptcy and district courts misapplied the equitable factors of the *Glamour Coat* test; and (iii) it does not, in the words of Fed.R.Civ.P. 15(c), arise from the "same conduct, transaction or occurrence" as the timely 1982 claim. Because these arguments mix jurisdictional and substantive questions, we reframe the inquiry along these lines: whether the amendment is authorized by statute and rule; whether the bankruptcy court possesses equitable jurisdiction to extend the ninety-day deadline; and, if such jurisdiction exists, whether the bankruptcy court abused its discretion by permitting the extension.

1. *Statutory Bases*

In a Chapter 13 proceeding a creditor must file a proof of claim within ninety days of the first date set for the meeting

---

**2.** When the *Evanston Motor Co.,* case was decided former Bankr.R. 509(c) was applicable and provided as follows:

Bankruptcy Rule 509(c) provides as follows: Error in Filing. A paper intended to be filed but erroneously delivered to the trustee or receiver, or the attorney for either of them, or to the district judge, referee, or clerk of the district court, shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the proper person. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

Bankr.R. 509(c) was subsequently abolished, and replaced by Bankr.R. 5005(b) which now provides as follows:

(b) Error in Filing. A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order

that the paper shall be deemed filed as of the date of its original delivery.

The case at bar does not involve an "error in filing", because the objection to confirmation by the creditor was correctly filed with the Bankruptcy Clerk pursuant to Bankr.R. 5005(a), and thus Bankr.R. 5005(b) does not apply here. However, the Seventh Circuit in the *Evanston Motor Co.,* case did state that "for the purposes of appeal, we accept the Bankruptcy Judge's determination that the August 18, 1980 letter may be interpreted as a proof of claim under all the circumstances appearing before him." *Id.* 735 F.2d at 1031.

The Court further stated, "where delivery of this proof of claim to the trustee may have resulted from an error in judgment, there was no erroneous delivery under the plain meaning of Rule 509(c)." *Id.* 735 F.2d at 1032.

Thus, the Court seemed to indicate, if by *dicta* that the letter mailed to the trustee contained sufficient information to be allowed as an "informal" claim if the creditor had intended the letter as such.

of creditors. Bankr.R. 3002(c). The rule provides exceptions, but for those relevant here, the IRS must move for an extension within the permitted ninety days, which it did not do. Under Rule 3002(c), therefore, the IRS' claim was untimely.

Rule 3002(c), however, operates in conjunction with Bankr.R. 7015, which provides, in its entirety, "Rule 15 F.R.Civ.P. applies in adversary proceedings." A claims proceeding may not be an adversary proceeding, but Bankr.R. 9014 extends Bankr.R. 7015 to "contested matters," which include Unroe's disputed claim. The bankruptcy rules therefore provide that a creditor may amend a claim if it meets Fed.R.Civ.P. 15(c)'s standard of arising out of a timely filed claim's "conduct, transaction or occurrence."

Did the district court err in finding the requisite nexus between the 1982 and 1983 claims? We believe it did. The IRS's position would permit the Service to file a claim for one tax year, and then, after the bar date, "amend" by right the claim to include any number of additional tax years. This would defeat the bankruptcy law's purpose of affording the debtor, trustee and court timely notice of claims. Separate years imply separate tax claims under Bankr.R. 7015. Examples of amendments permitted under Bankr.R. 7015 would include correcting the amount of tax, penalties or interest claimed in a timely filed claim. Fed.R.Civ.P. 15(c) therefore does not rescue the tardy 1983 claim.

2. *Equitable Bases*

Bankr.R. 7015 is not, however, the only possible authority for amendment. Another potential basis is the bankruptcy court's broad equitable jurisdiction. Equity jurisdiction extends even to setting aside final confirmation of a plan. *See, In re Longardner & Assocs., Inc.*, 855 F.2d 455, 462 (7th Cir.1988), *cert. denied*, 489 U.S. 1015 [109 S.Ct. 1130, 103 L.Ed.2d 191] (1989). We find no case that specifically addresses the question of whether Bankr.R. 7015's amendment procedure precludes a judge from classifying a late-filed claim as an amendment on equitable principles. Bankruptcy courts appear split on the question. *Compare, In re Miller*, 90 Bankr. 317, 323 (Bankr.E.D.Tenn.1988) (must meet FRCP 15(c), despite ample notice to debtor), *aff'd.*, 118 Bankr. 76 (E.D.Tenn.1989), *with, In re Bajac Construction Co.*, 100 Bankr. 524 (Bankr.E.D.Cal.1989) (relying on equities and applying broad "same generic origin" test). The question therefore is whether equity here trumps the time bar of Bankr.R. 3002(a), or whether the rule functions as statute of limitations.

We think that Congress has supplied the answer. Unlike traditional equity jurisdiction, Congress has codified the equitable power of the bankruptcy courts:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude a court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of power.

11 U.S.C. § 105(a) (1988). Generously read, the court's power to prevent "abuse of power" includes bending the time requirements for "raising an issue." Equitable jurisdiction to permit amendments out-of-time does not conflict with, but rather fulfills, the statutory backdrop for bankruptcy proceedings. The bankruptcy court below therefore properly considered equitable matters outside the scope of the test of Fed.R.Civ.P. 15(c) in deciding to permit the late-filed claim as an "amendment."

This result appears to be in some tension with our holding in *Wilkens v. Simon Bros. Inc.*, 731 F.2d 462 (7th Cir. 1984) (per curiam), where we held under an earlier version of the rules that "cases construing [Bankruptcy Rule 13–302(e)(2) and the Bankruptcy Act of 1898] treat

the six-month filing period as a statute of limitations not subject to extension by the bankruptcy court." *Id.*, at 464 (*Citing In re Ebeling*, 123 F.2d 520 (7th Cir.1941); *In re Pigott*, 684 F.2d 239 (3d Cir.1982)). The *Wilkens* court, however, noted that filing an "informal claim" within the filing period may permit the creditor to perfect the claim later. "The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor." *Id.* at 465. A key component of a permissible equitable amendment is therefore the debtor's knowledge, whereas as Fed.R.Civ.P. 15(c) amendment focuses on the nexus between the original claim and the amendment. In *Wilkens* the creditor made no informal proof of claim. But in Unroe's case, the exception of *Wilkens* provides the bankruptcy court with authority to consider the timely filed 1982 claim as notice of the IRS's intent to collect for both years because Unroe's plan anticipated the 1983 filing. Another circuit has reached the opposite conclusion in an important Chapter 11 case, *In re International Horizons, Inc.*, 751 F.2d 1213, 1217–18 (11th Cir.1985), but we respectfully disagree because such a holding too tightly cramps the equitable powers of bankruptcy judges. We leave for another case the question whether a judge in equity could permit an entirely new claim filed out of time. *Wilkens* appears to rule out this possibility, but we have not have the benefit of briefs or arguments on the issue.

In addition, a bankruptcy court's power to extend the bar date implies a corresponding power to permit late claims. A statute of limitation cannot be adjusted either before or after it expires. Here, Congress's approval of an extendable deadline, *see* Bankr.R. 3002(c), distinguishes the bar date from a statute of limitation, indicating that the court's equitable power includes authorization of late-filed claims.

### 3. *The Court's Equitable Holding*

The bankruptcy judge, applying the often cited and broadly drafted factors of

*In re Miss Glamour Coat Co., Inc.*, [80–2 U.S. Tax Cus. Para. 9737, 46 AFTR2d 80–6083 (S.D.N.Y.1980)] concluded that the IRS's late claim should be permitted. We review under the abuse of discretion standard, *In re International Horizons, Inc.*, 751 F.2d at 1216, but even so the IRS here presents few equities in its favor. The Service offered no explanation for its late filing. Unroe did nothing to merit disfavor in the eyes of the court. Only by a stretch can the 1983 claim be "related" to the 1982 claim. No evidence in the record explains or justifies the IRS's delinquency.

However, we find that the judge did not abuse his discretion in identifying factors that tilt the equitable balance in the IRS's favor. Unroe was not caught unawares, since she included $15,000 in her plan for payment of taxes for 1982 and 1983. Moreover, the total of both the 1982 and 1983 claims was $10,914.21, more than $4,000 less than the $15,000 that Unroe had set forth on her schedule of liabilities. Unroe and the other creditors were therefore not unfairly surprised. The result may have been different had the late claim been unscheduled or exceeded the amount in the plan, in which cases the prejudice to the debtor and other creditors would have been more severe.

### III.

Late filed claims, especially in the bankruptcy context, disrupt orderly discharge and should generally be barred. The amendment here was not permissible under Bankr.R. 7015. The bankruptcy court, however, considered appropriate factors in permitting the IRS to file its "amendment," and we do not find an abuse of discretion.

*Id.* at 348–351. (Footnote omitted).

Looking specifically to the objection to confirmation filed by the creditor within the time provided by the bar date to file claims, this court finds a clear intent by the creditor at a minimum, to at least hold the debtor responsible for the payment of the debt to the extent of the fair market value

of the collateral which was given as security by the Debtor to the creditor for the debt.

In addition, the objection to confirmation must be viewed in conjunction with the entire record of this chapter 13 case.

The Court takes judicial notice of the following regarding the creditor's objection to confirmation filed on September 21, 1989, which the creditor seeks to have treated as a timely informal proof of claim:

1. The objection was in writing.
2. The objection was properly filed with the Clerk of this Court.
3. The objection was filed prior to the bar date to file formal proofs of claim.
4. The objection refers to the creditor as a "secured creditor of the debtor(s)".
5. The objection states, "That the fair market value of the Gainer Bank, National Association collateral is greater than alleged by the Debtors."

■ In addition, the Court concludes it must view the entire record in light of this objection. Although, the case law is clear that neither the debtor's plan nor his schedules, standing alone, can constitute an informal claim by the creditor, the Court can perceive no reason why the objection cannot be construed together with other documents that were filed by the Debtor relating to the creditor's claim that also acknowledge the existence of the creditor's when these documents are filed prior to the bar date to file claims. In this case the following documents were filed by the Debtor prior to the bar date of November 20, 1989 which expressly acknowledged the creditor's claim:

1. Schedule A–2 filed by Debtor on June 2, 1989.
2. Amended Schedule A–2 filed by Debtor on October 16, 1989.
3. Chapter 13 Plan filed by Debtor on June 19, 1989.
4. Amended Chapter 13 Plan filed by Debtor on October 16, 1989.

It is true that the majority position seems to require that the informal claim must make an explicit demand showing the nature and amount of the claim against the estate, and must evidence an intent to hold the estate liable. *See, In re Anderson–Walker Industries, Inc.,* 798 F.2d 1285, *supra,* and cases cited thereafter which appear to be in accord with that holding.

Here, the objection to confirmation by the creditor did not contain an explicit demand showing the nature and amount of the claim against the estate, and an intent to hold the estate liable.

However, the United States Court of Appeals for the Seventh Circuit in *In re Wilkens,* 731 F.2d 462, *supra,* stated that, "The general rule is that a claim arises when the creditor evidences an intent to assert a claim versus the debtor.... A creditor can manifest its intention to hold a debtor liable in many ways, and the particular facts of the case will determine whether such a de facto claim has been made." *Id.* 731 F.2d at 465. Thus, based on *Wilkens* there is no express requirement in this Circuit that the informal claim expressly set out the nature of amount of the claim, or make an express demand against the estate.

The Court concurs with the holding in *In re Ungar,* 70 B.R. 519, *supra,* which held that objection to the confirmation of a chapter 13 plan constituted an informal proof of claim even though the creditor failed to state the amount due in the objection. The Court stated:

Whether a pleading or other writing filed in bankruptcy court should be considered an informal proof of claim depends upon one's definition of that phrase. In essence, the Bank supports a definition well articulated by Judge Black in *In re Guardian Mortgage Investors:*

The courts have interpreted the Bankruptcy Act to require two elements in cases for a proof of claim to be valid. The proof of claim must be a writing which contains (1) a demand by the creditor on the debtor's estate and (2) an intent to hold the debtor liable as a debtor.

15 B.R. at 285. This is must the same analysis offered by Judge Augustus Hand in *Lipman.* The debtor argues

that a proof of claim, whether classified as formal or informal, must contain, at a minimum, a statement of the amount of the debt claimed. (Debtors' Memorandum at 3–4). Indeed, in refusing to consider an objection to confirmation as an informal proof of claim, the bankruptcy court in *In re Stewart* expressly noted that defect:

> The language of this document indicates neither the amount nor the nature of the claim. As such, it is insufficient. . . .

46 B.R. at 76. The Ninth Circuit Court of Appeals seems to agree with the debtors' position and has offered this definition of an informal proof:

> For these documents to constitute an informal proof of claim, they must state an explicit demand showing the nature and amount of the claim against the estate and evidence an intent to hold the debtor liable.

*In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir.1985). *But see, Matter of Pizza of Hawaii, Inc.*, 761 F.2d at 1381 (complaint did not fully quantify damages).

In the matter *sub judice*, the objection to confirmation filed by the Bank made no mention of the amount claimed; thus the debtors' argue that this filing cannot constitute an informal proof.

For a variety of reasons, I believe that the failure of the creditor here to state an amount due in its pleading is not a fatal defect to treating that pleading as an informal proof of claim. First, courts have permitted creditors to amend proofs of claim subsequent to the bar date in order to increase the amount sought by the creditors from the estate. *Fidelity and Deposit Co. v. Fitzgerald*, 272 F.2d at 131. ("An amendment changing the amount of the claim does not make it a new claim and may be made after the six month period [under § 57n] has expired.") (footnote omitted); *see, Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953); *Continental Motors Corp. v. Morris*, 169 F.2d 315 (10th Cir.1948); *Industrial Commissioner v. Schneider*, 162 F.2d 847 (2d Cir.1947). *See also, In re Kellett*

*Aircraft Corp.*, 173 F.2d 689 (3d Cir. 1949) (creditor permitted to file an unsecured claim after the bar date because its claim for specific performance was denied). If the failure of a writing to mention the amount claimed bars it from being considered as a proof, amendments to increase the amount, made after the limitations period, would not be permitted.

Second, one of the earliest decisions to discuss the concept of an informal proof of claim comes from this circuit. *In re Thompson*, 227 F. 981 (3d Cir.1915). In deciding that a letter sent by the creditor to attorneys for the receiver was not an informal proof of claim, the Court of Appeals noted:

> Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate and must show the creditor's intention to hold the estate liable.

*Id.* at 983. Attempts to define informal proofs of claim have often looked to these two criteria alone without mentioning the necessity for stating the amount of the claim. *See In re Guardian Mortgage Investors;* 3 Collier ¶ 57.11[3], at 207–208 (footnote omitted):

> The Supreme Court has held that the time limitation in § 57n does not prevent amendments to proofs of claim after expiration of the period mentioned. Consequently, amendments are allowed if enough has been presented to show that a demand is made against the estate and that it is the creditor's intent to hold the estate liable. In accordance with the liberality in permitting amendments, courts have been satisfied with very little that amounted to an original proof of claim.

Thus, the definition of an informal proof of claim in this circuit does not seem to require a statement of the amount owing.

*Id.* 70 B.R. at 522–23 (footnotes omitted).

This same result was reached by the court in *In re Joiner*, 93 B.R. 130, *supra*, where the court in holding that an objection to the confirmation of a chapter 13 plan

constituted a timely, informal proof of claim. The *Joiner* Court stated:

Rule 3001(a) states that "a proof of claim is a written statement setting forth a creditor's claim ... [which] shall conform substantially to Official Form No. 19." Notwithstanding this requirement, which is substantially similar to that which existed under the Act, the courts have for more than 50 years allowed writings designed for other purposes, and not intended as proofs of claim, to preserve the creditor's claim against the applicable bar date. In *In re Lipman*, 65 F.2d 366 (2nd Cir.1933), in holding that an objection to a plan of composition was adequate for this purpose, Judge Augustus Hand said:

It may be that the specifications of objections to the composition were not intended as a proof of claim. But it was clear from them that the objector was a creditor with a claim against the bankrupt. The document was filed with the referee after adjudication, and sufficiently indicated a purpose to share in the estate. It would be fanciful to suggest that the creditor objected for the sole purpose of preventing the discharge which accompanies confirmation of a composition, and with no intention of protecting his interest as a creditor in the bankrupt estate.

65 F.2d at 368.

The courts have invoked several formulas to explain and justify informal proofs of claim. One of the simplest is that "... the document or documents timely filed must fairly reflect the existence of a claim against the estate. It is not necessary, however, that the documents constitute a proof of claim." *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir.1970).

\*    \*    \*    \*    \*    \*

At least eight bankruptcy courts have recently considered whether an objection to confirmation of a Chapter 13 plan was effective as an informal proof of claim. *In re Casterline*, 51 B.R. 219 (D.Colo. 1985); *In re Ungar*, 70 B.R. 519 (Bankr. E.D.Pa.1987); *Matter of Scott*, 67 B.R.

1011 (Bankr.M.D.Fla.1986); *In re Benedict*, 65 B.R. 95 (Bankr.N.D.N.Y.1986); *In re Stewart, supra; In re Thornlimb*, 37 B.R. 874 (Bankr.R.I.1984); *In re Sullivan*, 36 B.R. 771 (Bankr.E.D.N.Y.1984); *In re Sinykin*, 37 B.R. 688 (Bankr.Minn. 1983). Seven of the eight cases held that it was; one case, *In re Stewart, supra*, held that it was not, and it is this case that the Debtor urges this Court to follow.

Apart from *Stewart*, only one case cited by the parties expressly ruled on whether an objection to a Chapter 13 plan must state the nature and amount of the creditor's claim to constitute an informal proof of claim.

\*    \*    \*    \*    \*    \*

An inflexible requirement that an informal proof state the amount of the claim appears inappropriate. Claims are defined so broadly in the Bankruptcy Code that there may be circumstances where it would be either impossible or purely speculative to set forth the precise amount of the claim prior to the bar date. *See, e.g., In re White Motor Corp.*, 59 B.R. 286 (Bankr.N.D.Ohio 1986). Moreover, in the absence of prejudice to other interests, amendments after the bar date increasing the amount of a claim are freely allowed so long as the creditor is not seeking to assert a new claim. *Fidelity and Deposit Co. of Maryland v. Fitzgerald (In re Midyett and May Construction Co.)*, 272 F.2d 121 (10th Cir.1959), *cert. denied*, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); *Continental Motors Corp. v. Morris*, 169 F.2d 315 (10th Cir.1948); *In re Ungar, supra; In re Midwest Teleproductions Co., Inc.*, 69 B.R. 675 (Bankr. N.D.Ohio 1987); *In re White Motor Corp., supra*. As noted in *Ungar*, a requirement that an informal proof of claim state the amount of the claim is inconsistent with such cases. 70 B.R. at 523.

*Id.* 93 B.R. at 132–34 (footnotes omitted).

The Court concurs with the results reached in *Ungar* and *Joiner*.

In addition, the recent case of *In the Matter of Unroe*, 937 F.2d 346, indicates that 11 U.S.C. § 105 grants this court an equitable basis to allow the objection to confirmation as a timely informal proof of claim, and to permit the same to be amended after the bar date. The Court noted in *Unroe*, that the debtor's knowledge of the claim is a key component of a permissible, equitable amendment whereas Fed.R.Civ.P. 15(c), as made applicable by Bankr.R. 7015, focuses on the nexus between the original claim and the amendment. The Court noted that in *Unroe* the debtor's plan anticipated the claim in question.

■ Here, the Debtor's original schedules filed on June 2, 1989, and as amended on October 16, 1989, both of which were filed prior to the bar date to file claims, expressly acknowledged an indebtedness . by the Debtor to the creditor in an exact amount.

In addition, the Debtor's original plan filed on June 19, 1989, and as amended on October 16, 1989, both of which were filed prior to the bar date to file claims, expressly treated an indebtedness by the Debtor to the creditor.

The Debtor's plan expressly providing for the creditor's claim was confirmed prior to the objection to the claim by the trustee.

Thus, neither the Debtor, the trustee, nor other creditors of the Debtor will have been caught unawares, or will be unfairly surprised by the Court allowing the creditor's objection to confirmation as a timely informal claim to be amended to a formal claim after the bar date.

ORDERED, ADJUDGED, AND DECREED, that the creditor's objection filed on September 21, 1989, to the Debtor's original plan prior to the bar date to file claims constitutes a timely informal proof of claim. And it is further,

ORDERED, ADJUDGED, and DECREED that the creditor's motion to Amend its Proof of Claim after the Bar Date is hereby GRANTED and the Trustee's objection thereto is hereby DENIED. And it is further,

ORDERED, that the creditor shall have to and including the 9th day of September, 1991 to file an amended proof of claim conforming to the applicable Bankruptcy rules and Official Bankruptcy Forms, or it shall thereafter be barred from so filing.

The Clerk shall enter this order on a separate document pursuant to Bankr.R. 9021.

SO ORDERED.